GOSSETT v. HAINLINE et ux. (No. 8395.)

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1920. Rehearing Denied Dec. 4, 1920.)

1. Frauds, statute of ⊕⇒34, 44(4), 74(1)— Agreements of seller of realty to collect rent and apply on lien note not within statute.

An agreement of seller of realty occupied by a tenant to continue to collect the rent to meet monthly payments, with interest falling due on a second lien note, *held* not within Vernon's Sayles' Ann. Civ. St. 1914, art. 3965, as a promise of the seller to answer to the buyers for the debt, default, or miscarriage of another person, nor as a contract for the sale of land or its lease for a longer term than a year.

2. Vendor and purchaser ⊕⇒204—Seller liable to buyers for appropriating rents agreed to be collected and applied on note.

Where the seller of realty in possession of a tenant agreed to collect rents and apply them to meet monthly payments with interest falling due on a second lien note, but took advantage of the agreement fraudulently to appropriate to himself such rents belonging to the buyers, he is liable not only to restore to the buyers the fruits of his deceit, but to make good to them all other damages immediately flowing from his acts; damages to the buyers arising from foreclosure and loss of title not being too remote for recovery.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by H. L. Hainline and wife against R. A. Gossett. From a judgment for plaintiffs, defendant appeals. Affirmed.

Pope & Young, of Dallas, for appellant.
John White and W. N. Coombes, both of Dallas, for appellees.

HAMILTON, J. This suit was instituted by the appellees for damages against the appellant. The appellees alleged that on the 23d day of February, 1916, they purchased from the appellant lot No. 18 in block No. 21 of Winnetka Heights addition to the city of Dallas, by deed of that date jointly executed to them by appellant and one Henry Bohny, the consideration therefor being as follows: The payment to appellant by appellees of $955 and the execution by them to appellant of a note for $645, appellees accepting said lot subject to an indebtedness already existing against it in the aggregate amount of $2,650, evidenced by two notes, one for $2,000, secured by a first lien, and a balance of $650 unpaid on a $1,400 note secured by a second lien inferior to that securing the $2,000. The $2,000 note, the $650 balance of the $1,400 note, and the $645 note executed by appellees all drew interest at the rate of 8 per cent. per annum. The interest on the $2,000 note was payable semiannually.

The $650 balance was payable in monthly installments of $35 each, and on the date of each of such payments the full amount of accrued interest was also payable.

Appellees alleged that the premises thus acquired by them were at the time occupied by a tenant who was paying therefor a monthly rental of $40 in advance; that appellant represented to them that this tenant was "a peculiar character, and, unless properly handled, would surrender the lease"; that appellant represented that, if he were permitted to continue to collect the rent each month, he could retain this tenant for appellees, and thus derive enough from the rental of the place each month to meet the monthly payments with interest falling due on the second. lien note, the above-described $650 balance; that relying upon appellant's representations to this effect, and accepting his proposition substantially embodying it, they put the collection of the rent into appellant's hands, and under an agreement that he would make the collections each month and apply them to extinguishing the monthly payments on said $650 note turned over to him the management of the property. They alleged that under this arrangement he collected the rent each month from February 16, 1916, to August 1, 1916, amounting to $240, and, instead of paying it to the holder of the second lien note, as agreed, fraudulently appropriated it to his own use.

It was also alleged that appellant agreed to pay for appellees the semiannual interest on the first lien note as it became due and purchase meat and butter from appellees to the extent of such payments, and by that method permit them to reimburse him for such semiannual payments.

This agreement appellees allege that appellant violated, and that, while he purchased from them butcher's supplies amounting to $173, he paid nothing on said semiannual interest when it accrued; and they allege that they relied upon his promises made and violated respectively as to the collection of rents and payments therewith of the monthly installments on said second lien note and as to the payment of said semiannual interest in the manner above set out, and, so relying upon such agreements, the management and control of these matters were placed in appellant's hands. They allege that appellant's breach of his undertaking to apply the monthly collections of rent on said second lien note paid to him caused the holder of the note to foreclose the deed of trust lien existing against said property to secure the note, and that at foreclosure sale thereunder the holder of the note bought the property, thereby wholly divesting title out of appellees, and that, as they relied upon appellant to meet the monthly payments on the note with the rents collected by him, they did not learn of the foreclosure until long after

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it had occurred. They allege the value of the property at the time of foreclosure to have been $6,000, and sue for the loss of the rents they claim appellant fraudulently appropriated and also the cash payment of $955 and the value of meat and supplies, amounting to $173. They also seek cancellation of the note executed to appellant by them, alleging that the consideration for it had failed, and pray for general and special relief.

Appellant answered by interposing a general demurrer and various special exceptions, the overruling of which he makes the basis of an assignment of error. He answered by general denial and filed a cross-action alleging that he paid for appellees to a Mr. Matthews of Memphis, Tenn., $157.50 in June, 1916, and that in September of the same year he paid the Security National Bank of Dallas $100, and also about the same time loaned appellees $30. He declared on the $955 note executed to him by appellees as part consideration for the purchase of the lot described in appellees' petition and prayed for recovery of all these amounts and for general relief.

The case was submitted to a jury by the court upon special issues. The findings of the jury and judgment of the court were for appellees, who recovered $784.35, and the appellant prosecuted his appeal therefrom to this court.

Appellant assigns as error the action of the court in overruling his general demurrer and special exceptions, and advances the proposition that an oral promise made collateral to and in connection with the delivery of a deed and where the promise is not named as a part of the consideration in the deed itself is unenforceable, and that there can be no recovery of damages for its breach; and appellant sets up under this assignment that the oral promises made by a seller to a purchaser collateral to a deed conveying land are void as being within the statute of frauds and fraudulent conveyances.

We do not think either of these propositions can be sustained as applicable to the issue presented by the amended petition upon which appellees came into court. Both of these propositions seem to invoke the statute of frauds against the allegations of appellees' petition, and we are called upon to test the petition by the provisions of this statute. It is manifest that the only provisions of the statute of frauds which could have any conceivable application are: First, the provision that no action shall be brought to charge any person upon a promise to answer for the debt, default, or miscarriage of another unless the promise or some memorandum thereof shall be in writing and signed by the party to be charged therewith; second, the provision that no action shall be brought upon any contract for the sale of real estate or the lease thereof for a longer term than one year, unless the promise or agreement, or some memorandum thereof, shall be in writing and signed by the person to be bound. Article 3965, Vernon's Sayles' Rev. Civ. Stats.

[1, 2] The question then is: Do the appellees allege a contract or agreement of such nature as comes within either of the foregoing provisions of the statute of frauds? We think not. The undertakings of appellant set out in appellees' petition were not promises of appellant to answer to appellees for the debt, default, or miscarriage of a third person. Neither could they be construed to be contracts for the sale of land or the lease thereof. They were not agreements in conflict with the terms of the deed, but were only agreements respecting the method of meeting payments arising under prior conveyances which were secured by liens to be foreclosed, if not met. Accordingly, as pleaded, the agreements were clearly the original undertakings of appellant himself, alleged to have been fraudulently violated with full knowledge of the loss their breach was calculated to inflict upon appellees, and therefore were not within any provision of the statute of frauds. The alleged undertaking to collect the rents and apply the collections to extinguishing the monthly payments on the second lien note, even if it be conceded, as contended, that no consideration for it in the nature of a benefit moving to appellant appears, would nevertheless support a claim for damages, because the allegation that appellant took advantage of such agreement fraudulently to appropriate to himself what was rightfully and lawfully appellees' opens the way for a court to determine the merits of the contention thus made, and, if it be established, to require not only restitution of the fruits of his deceit thus wrongfully acquired by him, but also to impose upon him the penalty of all other damages to appellees arising out of and immediately flowing from the alleged acts of deceit and fraud. The allegation of appellant's agreement to pay the semiannual interest on the $2,000 note and the breach thereof, as recited in the amended petition, show liability for damages for the same reasons and to the same extent that damages could be recovered under the allegations relating to the collection of rents; and what is said above as to that allegation applies as fully and forcefully to the alleged breach of the agreement to pay the interest on the $2,000 note. The petition so alleges this transaction as to make it the original agreement of appellant, which, while it might not, as made, have been mutual so far as providing any benefits to him, related only to and involved his assumption of the necessity to meet the semiannual interest payments in order to save the title of appellees from being swept away by foreclosure. The allegation that he took benefits under the agreement to the extent of receiving from appellees butcher's supplies amounting to $173 and paid nothing on the interest, although appel-

lees were relying upon his promise to pay it, is sufficient to support a recovery for damages arising from the foreclosure and loss of title under such circumstances, as well as a recovery of the value of the articles supplied. Such damages are not remote, as asserted by appellant, but, on the contrary, arise immediately out of the alleged breach and bad faith.

It follows from the views above stated that appellant's proposition to the effect that appellees' cause of action is for a debt in amount below the jurisdiction of the court is incorrect, and that accordingly the trial court's action in overruling the exception to the jurisdiction based on that ground was correct.

Appellant complains of the judgment in this respect: that the evidence is insufficient, under the correct rules and measure of damages applicable, to support a judgment for the amount rendered in this case. We do not think appellant's proposition is tenable. Appellant does not indicate wherein the evidence is insufficient, nor does it appear from the brief filed in his behalf that the wrong measure of damages was applied under the charge of the court.

Among the questions submitted to the jury for determination was this: "Do you find and believe from the evidence that the plaintiffs were ready, able, and willing to make payments on said note, if they had known same were not paid prior to the sale under the deed of trust?" The jury's answer was: "Don't know." As we construe the pleadings, there is no issue presented by them calling for a determination of this question, and our attention is called to no evidence clearly raising such issue. We therefore think it necessary to conclude that this question was improper, and the answer to it immaterial.

Finding no error in the case, we affirm the judgment of the lower court.

Affirmed.