**L. F. JORDAN, Appellant,**

v.

**J. R. CRISP et al., Appellees.**

No. 6459.

Court of Civil Appeals of Texas.

Amarillo.

April 11, 1955.

Rehearing Denied May 9, 1955.

Campbell & Brock, Lubbock, for appellant.

Nelson & McCleskey, Lubbock, for appellees.

MARTIN, Justice.

Appellees received a judgment in the trial court but filed no brief supporting their position in the appeal of this cause of action. Following judgment in this court, both appellant and appellees filed a motion for rehearing. The original opinion, incorporated herein, ruled that appellees were entitled to one-half the funds received by appellant from the sale of cotton originally held by the appellees to secure cash advances made to appellant's children. Appellant owned an undivided one-half of this cotton and his children owned an undivided one-half thereof. The value of the cotton was not established and the cause was re-

manded to the trial court to ascertain the value of one-half the cotton as owned by the children. This opinion is in lieu of the original opinion rendered herein.

Appellant, L. F. Jordan, engaged in farming operations in conjunction with his son, R. D. Jordan, and his daughter, Marguerite Raye. The pleadings and evidence reveal that the farm operation was conducted on what is commonly known as the "halves". L. F. Jordan furnished all equipment, seed, irrigation and other expense while his son and daughter furnished all the labor for making the farm crop. The crop was divided equally between appellant and his children. Jaco v. W. A. Nash & Co., Tex. Civ.App., 236 S.W. 235, Syl. 2. There is no pleading raising the issue that appellant and his children were partners. Appellees J. R. Crisp, Sr. and J. R. Crisp, Jr., a partnership d/b/a Hurlwood Gin advanced to R. D. Jordan and Marguerite Raye, during the farming season, the sum of $1,673.16 as expenses for hoeing and gathering the crop of cotton and were delivered certain written instruments executed by the respective party obtaining the funds. These instruments are described in detail in the discussion of the controlling issue in the cause. The money advanced on the execution and delivery of such instruments was not repaid to appellees.

Appellees sued appellant, L. F. Jordan, and R. D. Jordan and Marguerite Raye for the cash advances made and recovered judgment against them jointly and severally for the sum of $1,673.16 with six per cent interest from date of judgment. Only L. F. Jordan answered and contested the suit and appealed from the final judgment of the trial court in favor of appellees.

Appellant's point of error three as presented originally in this appeal alleges that the trial court erred in overruling appellant's motion for a peremptory judgment at the close of the evidence as well as in overruling his objections to all oral evidence respecting his promise to pay the debt incurred by R. D. Jordan and/or Marguerite Raye. Other points asserted by appellant likewise raise the issue that appellant's promise was one to answer for the debt of another and within the statute of frauds. On motion for rehearing, a re-examination of the record under the various points of error leads to the opinion that appellant's agreement was of such a character as to create an independent obligation on his part and not one within the statute of frauds.

■ The jury in the cause of action found, and the evidence supports such finding, that L. F. Jordan represented and agreed that if certain cotton tickets held by appellees should be delivered to him he would sell the cotton and immediately after doing so repay to the appellees the advances here involved. The jury further found that the appellees relied upon the above agreement of L. F. Jordan in delivering to him the cotton tickets in issue.

On motion for rehearing, appellant seeks the rendition of judgment in his favor in this court by reason of his principal contention that there is neither pleading nor proof that the appellant agreed that he was to account to appellees for one-half of the proceeds of the sale of said cotton. Under the pleadings filed by appellees in the cause and the proof supporting the same, the jury found that appellant "agreed that if such cotton tickets should be delivered to him *he would sell the cotton* and *immediately after doing so repay* to the gin the advances here involved". (Emphasis added.) The only reasonable presumption that can be drawn from the above finding of the jury, and facts supporting such finding, is that appellant was going to pay the gin for its advances out of the proceeds of the sale of the cotton. The issue as submitted follows appellees' pleadings almost word for word. No reasonable presumption can be drawn that the funds used to pay the gin were to be derived from any source other than funds received from the sale of the cotton. It is therefore beyond dispute that appellant, viewing the situation in the best light for the appellant, agreed to repay appellees for their advances made to raise the crop of cotton and that such payment was to be made from the proceeds of the sale

of the cotton as originally held by appellees. Appellant's points of error as originally asserted and as presented in its motion for rehearing are overruled.

Appellees' motion for rehearing raises a serious issue and one considered at length in the preparation of the original opinion. Appellees assert that L. F. Jordan agreed with appellees that if they would deliver to him the cotton tickets held by them that he would sell the cotton and immediately pay to appellees the amount of their advances as made to his children. Appellees assert that such agreement was an independent obligation to pay the advances made by them upon the consideration that they released all the cotton tickets to appellant. On a reconsideration of the cause of action, it is considered that there is merit to the proposition assigned by appellees in their motion for rehearing as more specifically detailed hereafter.

The uncontroverted evidence in the cause and the admission of appellant established that one-half of the cotton as represented by the cotton tickets in issue belonged to R. D. Jordan and Marguerite Raye and not to L. F. Jordan. The record discloses that appellees were holding the cotton tickets to secure the payment of the advances made to R. D. Jordan and Marguerite Raye in the total amount of $1,673.16. Further, appellees had the legal right to hold these cotton tickets as to one-half the cotton, not by reason of ginning expense, but by reason of the fact that R. D. Jordan and Marguerite Raye, each respectively, executed and delivered to appellees certain instruments in writing defined as cotton acceptances and empowering appellees to retain such cotton. All these cotton acceptances were for cash advances made to R. D. Jordan and Marguerite Raye for hoeing and gathering expense of the specific cotton and are alike as to form. As pertinent to this cause of action, such acceptances are of the following description:

"Cotton                                           No. 1886

"Lubbock, Texas, 10–24, 19 52

"On or before Sixty Days pay to the order of the First National Bank, at Lubbock, Texas

Hurlwood Gin & Grain Co.  $263 and 90 cts                    $ 263.90

Account .. Bales Cotton this day sold by R. D. Jordan to Hurlwood Gin (Drawee) which Cotton he holds for the account of the First National Bank, at Lubbock, Texas, and subject to their order. Description below. Value received and charge same to the account of

To Hurlwood Gin
    at
First National Bank at Lubbock                    /s/ R. D. Jordan
        Lubbock, Texas                                       (Seller)
Cotton Advance $263.90.                   Bollpulling
Accepted    10–24,    19 52
        Hurlwood Gin

By  /s/ Duane Preston"

The uncontroverted evidence reveals that R. D. Jordan and Marguerite Raye advised appellees of the weight of cotton as picked or gathered and at such time secured from appellees the expense of picking such cotton, or boll pulling, by obtaining a cotton acceptance from appellees. This acceptance was delivered to the bank where payment was made to them of the amount of the same by reason of appellees' written

acceptance thereon. Further, the record reveals that the gin tickets for the cotton in issue had been delivered back from the compress to appellees and were in the possession of appellees and being held by appellees to secure the money advanced for cotton gathering and hoeing expense.

The undisputed facts detailed in the above paragraphs evidence the legal right of the appellees to hold the cotton and tickets as delivered appellees by R. D. Jordan and Marguerite Raye to secure the cash advance of funds by appellees. Appellees' right to hold such cotton was evidenced by their possession of the gin tickets for the cotton as delivered to them and also by the possession of the cotton acceptances described above.

 As found by the jury, appellant agreed that if the cotton tickets were delivered to him he would sell the cotton and immediately after doing so repay appellees the advances as made by them to R. D. Jordan and Marguerite Raye. Under the provisions of Art. 3995, § 2, Vernon's Annotated Civil Statutes, appellant would not be obligated under a parol agreement to "answer for the debt, default or miscarriage" of his son and daughter. Fletcher v. Puckett, Tex.Civ.App., 170 S.W. 831. But, considering the Statute of Frauds, appellant was obligated and bound to pay to the appellees the funds received from the cotton belonging to his son and daughter as his agreement to that extent was clearly not within the statute of frauds. Appellant testified he took the funds from the cotton and delivered one-half the same to Marguerite Ray and R. D. Jordan. This payment to his children was in direct contravention of appellant's agreement as made with appellees and under which he was legally bound to deliver them said funds even if it be conceded that the statute of frauds applied to his parol agreement. W. A. Woods & Co. v. Davis, 1 Willson Civ. Cas.Ct.App. § 952; American Nat. Bank v. Petry, Tex.Civ.App., 141 S.W. 1040, Syl. 2, 3; Gossett v. Hainline, Tex.Civ.App., 225 S.W. 415, Writ refused.

Appellant's agreement with the appellees goes beyond the issue hereinabove stated " * * * if the character of the promise is such that it creates an obligation independent of the obligation of the other party, and is therefore an original and not a collateral undertaking, it is not within the contemplation of the statute, even though the promise may be in form one to pay the debt of another". Housley v. Strawn Merchandise Co., Tex.Com.App., 291 S.W. 864, Syl. 1, 2. Appellant's agreement to pay appellees was an independent agreement based on the consideration that appellees delivered to him the gin tickets and he was bound thereunder. Hacker v. Whitney Dam Lumber & Construction Co., Tex.Civ.App., 225 S.W.2d 225, Writ refused; Lemmon v. Box, 20 Tex. 329, at page 332; 18 Texas Digest, Frauds, Statute of,

Appellee's motion for rehearing is granted and the judgment of the trial court is affirmed.