**Earnest HEGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60361.**

Court of Criminal Appeals of Texas, Panel No. 1.

July 22, 1981.

Rehearing Denied Sept. 23, 1981.

———

Donald Dewberry, Houston, for appellant.

Carol S. Vance, Dist. Atty., W. Scott Carpenter and Lance Jones, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

OPINION

ROBERTS, Judge.

The appellant was convicted on an information which alleged that on or about December 8, 1977, "while the agent of Lucious Carl James, a retailer authorized to sell beer," he knowingly permitted an intoxicated person to remain on licensed premises. The trial court which found him guilty assessed a fine of $100 and 30 days in jail, probated.

This offense was a violation of Section 104.01 of the Alcoholic Beverage Code:

"No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

\*　\*　\*　\*　\*　\*

"(6) becoming intoxicated on the licensed premises or permitting an intoxicated person to remain on the licensed premises; . . . ."[1]

This section applies to a retailer and "his agent, servant, or employee"; these terms are not defined in the Code. In *Ackley v. State*, 592 S.W.2d 606 (Tex.Cr.App.1980), we undertook to define these terms. We noted that "agent" had a technical legal definition (592 S.W.2d at 608):

"An agent is one who is authorized by another to transact business or manage some affair for him, and to render to him an accounting of such transaction. The term 'agency' denotes a consensual relation existing between two persons, by virtue of which one of them is to act for and on behalf of the other, being subject to the other's control. 2 Tex.Jur.2d, Agency, Sec. 1, p. 436 (1959).

"\* \* \* The chief distinction between an agent and a servant is that an agent is employed to represent his principal in business dealings and to establish contractual relations between him and third persons, whereas the servant is not. \* \*"

The term "agent" must be construed according to this meaning. *Ackley v. State*, supra; V.A.C.S. Article 5429b–2, Section 2.01.[2]

The State chose to allege that the appellant was an "agent," rather than a "servant" or an "employee." Having so chosen, it was bound to prove that the appellant was an agent, as that term must be construed.

The appellant argues that the State's proof failed. We must agree. The only witness was a police officer who testified that he went to the premises, known as the Double Six Club, and saw the appellant standing behind the bar, acting as the bartender. He saw the appellant serve canned beer and bottled beer to the patrons. One of the patrons was intoxicated. Officers arrested that man and eleven others. Then the appellant was arrested and was assisted in locking up the building. He called "the guy that owned the building." The officer denied having seen an employment contract.

We are not called on to decide whether this evidence would have proved that the appellant was a servant or an employee, for no such allegations were made. We only hold that the evidence was insufficient to prove that the appellant was an agent, as that statutory term must be construed.

The judgment is reversed and the cause is remanded with directions to enter a judgment of acquittal.

---

1. In 1979, Subdivision (6) was renumbered (5), but not amended in substance. 1979 Tex. Gen.L. ch. 114.

2. This is the Code Construction Act, which applies to the construction of the Alcoholic Beverage Code. Alco. Bev. Code, sec. 1.02.