Eddie C. SAUCEDO, Plaintiff-Appellee,

and

Texas Employers' Insurance Association, Intervenor-Appellee,

v.

PHILLIPS PETROLEUM COMPANY, Defendant-Appellant.

No. 81–1410
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 19, 1982.

Rehearing and Rehearing En Banc Denied May 19, 1982.

Frederick M. Knapp, Jr., Andrew S. Hanen, Houston, Tex., for defendant-appellant.

Roberts & Weldon, Terry L. Weldon, L. Tonnett Byrd, Austin, Tex., for Saucedo.

Brown, Maroney, Rose, Baker & Barber, George B. Butts, Austin, Tex., for Texas Employers' Ins. Ass'n.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Eddie C. Saucedo sustained serious burn injuries in a flash fire which occurred while he was working as a welder's helper on a pipeline repair crew. Saucedo was an employee of Phillips Pipe Line Company, owner of the E–Z Pipeline, a ten-inch pipeline which traverses 436 miles between the Texas towns of Benedum and Sweeney. At the time of the accident, the pipeline carried natural gas liquids (NGLs) belonging to the defendant, Phillips Petroleum Company (Phillips), to its refinery in Sweeney. This diversity case was tried to the bench, resulting in a judgment in favor of Saucedo and the workers' compensation intervenor. Phillips appeals, claiming that the trial judge made erroneous findings of fact and errors in the application of the controlling rules of law. Finding no merit in any assignment, we affirm.

Late in the afternoon of October 17, 1974, a leak developed in the E–Z Pipeline near Eldorado in Schleicker County, Texas. A repair crew, including Saucedo, was dispatched to the situs by Phillips Pipe Line Company. NGLs escaped for several hours. The repair crew began work the next morning, using a backhoe to expose the pipe. As is frequently the case in these spills, the escaping gas froze the earth below the line. While Saucedo was attempting to use a jackhammer to break up the frozen dirt, a flash fire erupted, injuring Saucedo and three other members of the repair crew.

The trial judge found that: (1) NGLs are inherently dangerous substances and the transportation of NGLs is an inherently dangerous undertaking; (2) the E–Z Pipeline was not adequate for the safe transportation of NGLs; and (3) in allowing its NGLs to be transported through the E–Z Pipeline, Phillips was negligent, negligence which was a proximate cause of Saucedo's injuries. Phillips was also found negligent in its management of the pipeline's cathodic protection system.[1]

Findings of fact of the trial judge are protected by the clearly erroneous shield of Fed.R.Civ.P. 52(a). Absent "the definite

---

1. Phillips Pipe Line Company was found negligent for: (1) failing to provide its employees with equipment to eliminate gas vapors in the working area; (2) continuing to transport natural gas liquids through the E–Z Pipeline after discovery of the leak; and (3) failing to provide its employees with protective clothing. Under the Texas Workers' Compensation statute, Phillips Pipe Line Company is not liable in tort to Saucedo.

and firm conviction that a mistake has been committed," we will not disturb such findings. *United States v. United States Gypsum Co.*, 333 U.S. 364, 385, 68 S.Ct. 525, 537, 92 L.Ed. 746 (1948). After reviewing the evidence, we have not formed such a conviction. Accordingly, we focus our attention on appellant's contentions that the district judge erred in applying the applicable rules of Texas tort law. In commencing our examination, we are mindful of the admonition that in diversity matters great deference is accorded to the explication of state law made by the district judge, schooled and skilled in the law of his state. *Avery v. Maremont Corp.*, 628 F.2d 441 (5th Cir. 1980).

### Duty As A Requisite

■ Phillips correctly maintains that no tort liability attaches unless the defendant owes the injured plaintiff a duty to guard against or prevent the harm encountered. In *Abalos v. Oil Dev. Co. of Texas*, 544 S.W.2d 627, 631 (Tex.1976), the Texas Supreme Court noted the universal rule: "As this court said in *Coleman v. Hudson Gas and Oil Corporation*, 455 S.W.2d 701 (Tex. 1970), any plaintiff must prove the existence of a legal duty owed to him by the defendant to establish tort liability." The scope or ambit of a defendant's duty is a legal matter, distinct from the factual questions of breach and consequences. *See, e.g., Welch v. Heat Research Corp.*, 644 F.2d 487 (5th Cir. 1981); *Gray v. Baker & Taylor Drilling Co.*, 602 S.W.2d 64 (Tex.Civ.App. 1980); *Jackson v. Associated Developers of Lubbock*, 581 S.W.2d 208 (Tex.Civ.App. 1979); *Frontier Theatres, Inc. v. Brown*, 362 S.W.2d 360 (Tex.Civ.App.1962).

■ The trial court found that the E–Z Pipeline was not reasonably safe for the transportation of NGLs. The level of cathodic protection between Mileposts 71 and 82 was inadequate and the external corrosion in that same area had so weakened the line that leaks were foreseeable. Phillips was found negligent for using the weakened pipeline to transport its NGLs. Phillips stands accountable for any foreseeable injury resulting from its failure in this regard.

■ Phillips contends that it owed no duty to Saucedo because he was an employee of Phillips Pipe Line Company, an independent contractor. This legal argument has merit, for under established Texas law one securing the services of an independent contractor is not liable for injuries sustained by that contractor's employees. *See Allen v. Texas Electrical Serv. Co.*, 350 S.W.2d 866 (Tex.Civ.App.1961). *See also Alexander v. United States*, 605 F.2d 828 (5th Cir. 1979).

The rule advanced by Phillips is not absolute. There are exceptions, including the lifting of nonliability when "the work performed under the contract *is inherently dangerous as a result of circumstances brought about by the employer* . . . ." *Alexander v. United States*, 605 F.2d at 834 (emphasis added) (citation omitted). *See Sun Oil Co. v. Kneten*, 164 F.2d 806 (5th Cir. 1948). In view of the trial court's factual findings, concerning Phillips' failure to discharge its safety responsibilities with respect to the E–Z Pipeline and the inherent danger in transporting NGLs through the line as a result, we are persuaded that this exception to the rule applies. Phillips was charged with the duty of choosing a reasonably safe means of transporting its NGLs, and the duty of managing a cathodic protection system, to retard corrosion of the NGLs pipeline. Its failure to acquit these responsibilities resulted in an inherently dangerous situation on October 17, 1974, which culminated in Saucedo's injuries.

### Causation

■ Under dispositive Texas law, proximate cause embraces two concepts: (1) cause in fact; and (2) foreseeability. *See e.g., Farley v. M M Cattle Co.*, 529 S.W.2d 751 (Tex.1975); *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970); *Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560 (1961). "As to causation, it is said that if the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause, and that ordinarily

it will be such a substantial factor if the result would not have occurred without it." *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352, 355 (1951). *See Missouri Pacific R. R. Co. v. American Stateman*, 552 S.W.2d 99 (Tex.1977). The test for foreseeability is whether the negligent actor should have anticipated the risk to persons, within the range of the actor's duty, growing out of the negligent act or omission. *See e.g., City of Bishop v. South Texas Elec. Co-Op., Inc.*, 577 S.W.2d 331 (Tex.Civ.App. 1979).

 Phillips offers three causation arguments: (1) any relationship between its alleged negligence and the flash fire of October 18, 1974, is remote and speculative; (2) Saucedo's accident was not foreseeable; and (3) the intervening conduct of Phillips Pipe Line Company severed the causal chain. Of these contentions, only the last bears merit.[2]

According to Phillips, when Saucedo's supervisors opted to attempt repairs in the presence of the escaped NGLs, and sought to do so without shutting down the gas flow, any negligence attributable to it in creating the hazard was superseded by Phillips Pipe Line Company's negligence. In support of this contention, Phillips cites *Robertson v. Southwestern Bell Telephone Co.*, 403 S.W.2d 459 (Tex.Civ.App.1966), and *Bell v. Campbell*, 434 S.W.2d 117 (Tex.1968). The essential thrust of those decisions is that negligence which does no more than furnish a condition which renders injury possible is not a proximate cause "if such injury is the result of some other cause which reasonable minds would not have anticipated . . . ." 403 S.W.2d at 473 (citations omitted).

We perceive significant distinctions between the mere furnishing of a situs for an accident, which the cited opinions address, and Phillips' creation of an inherently dangerous situation, which we note in the case at bar. The magnitude of potential harm resulting from Phillips' negligence distinguishes the suit from the negligent acts in either *Robertson* or *Bell*. It appears that the ill-conceived and executed actions of Saucedo's supervisors were a concurrent cause of the fire and, consequently, of Saucedo's injuries. The trial court so found. However, we are not prepared to hold that Saucedo's employer's response to the emergency situation, presented by the escaping NGLs, was so grossly inadequate or so aberrant as to constitute action that could not reasonably have been anticipated by Phillips. Their conduct does not absolve Phillips of its delictual responsibilities and liability to Saucedo.

The judgment of the district court is, in all respects, AFFIRMED.

---

**2.** Phillips Petroleum may not assert successfully that its negligence in the transmission of NGLs through a pipeline it knew or should have known to be unsafe for that purpose was not a cause-in-fact of the leak and the subsequent fire. Both the leak and the fire were foreseeable. It cannot be argued with any force that the appearance of pipeline company repairmen to remedy the leak was unforeseeable. With both the arrival of workers on the scene and the ignition of a fire foreseeable, the simultaneous occurrence of the two is subject to reasonable anticipation.