Earl R. LEONARD, Plaintiff-Appellee,

v.

ALUMINUM COMPANY OF AMERICA, Defendant-Third-Party Plaintiff-Appellant,

v.

TEMPLE DR. PEPPER BOTTLING CO., INC., Third-Party Defendant-Appellee.

No. 84–1467.

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1985.

Mayor, Day & Caldwell, Michael O. Connelly, Robert M. Roach, Jr., Houston, Tex., for defendant-third-party plaintiff-appellant.

Robert J. Hanley, Waco, Tex., for Albertson's Inc.

Williams, Pattillo & Squires, Rod S. Squires, Dale D. Williams, Waco, Tex., for E. Leonard.

Cowles, Sorrells, Patterson & Thompson, P.C., David M. Macdonald, Michael W. Huddleston, Dallas, Tex., for Temple Dr. Pepper Bottling Co., Inc.

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellee Earl R. Leonard sued appellant Aluminum Company of America (Alcoa) because an aluminum cap that Alcoa had partially manufactured prematurely released from a large bottle of Dr. Pepper and forcibly struck one of his eyes. Alcoa joined appellee Temple Dr. Pepper Bottling Company, Inc. (Temple) as a third-party defendant because Temple had agreed to indemnify Alcoa against claims and expenses "arising in connection with" Temple's use of a capping machine that Alcoa had sold Temple. Finding that the indemnity clause did not "clearly and unequivocally" express Temple's indemnity obligation and that the clause lacked "conspicuousness", the district court rendered summary judgment in Temple's favor. After a trial, the court also entered judgment against Alcoa on a jury finding that Alcoa committed negligence in failing to warn Leonard that bottle caps might suddenly take flight.

We reverse both judgments. Because Texas law imposed no duty upon Alcoa to warn Leonard, we render judgment that he take nothing on his negligence claim. We also hold that the indemnity clause obligated Temple to reimburse Alcoa for its costs of defending this suit. We accordingly remand the case for a trial to determine Alcoa's damages.[1]

■ In Texas, a negligence claim arises when the plaintiff sustains damages that proximately result from the defendant's breach of a legal duty he owed to the plaintiff. *E.g., Colvin v. Red Steel Co.,*

682 S.W.2d 243, 245 (Tex.1984). To succeed on a negligence theory, therefore, the plaintiff must show the existence of a legal duty. *E.g., Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 631 (Tex.1976). Whether such a duty exists under the circumstances constitutes a question of law for the court to decide. *Saucedo v. Phillips Petroleum Co.,* 670 F.2d 634, 636 (5th Cir.) (applying Texas law), *cert. denied,* 459 U.S. 839, 103 S.Ct. 87, 74 L.Ed.2d 81 (1982).

■ Alcoa now contends, as it did below, that it had no duty to warn Leonard of the danger that a bottler might improperly crimp and seal the aluminum cap and that, consequently, the carbonation might abruptly hurl the cap from the bottle. A recent decision of the Texas Court of Appeals compels us to agree. In *Alm v. Aluminum Co. of America,* 687 S.W.2d 374 (Tex.App.1985), the court stated:

> Alcoa's duty to give adequate warning, however, did not extend to Alm. Alcoa's duty to warn ended with J.F.W. [the bottler], which then had the duty to communicate the warning to consumers. This is because Alcoa had no control over the labeling of the soft drinks. The bottler is the one possessing the adequate means to pass warnings on to consumers. A manufacturer is not liable for miscarriages in the communication process that are not attributable to his failure to give adequate warning. This may occur where an intermediate party is notified of the danger, or discovers it himself, and proceeds to deliberately ignore it and pass the product on without a warning. *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076, 1091 (5th Cir. 1973)....

687 S.W.2d at 382. We accept the *Alm* opinion as a definitive statement of Texas law. *See, e.g., Mott v. Mitsubishi International Corp.,* 636 F.2d 1073, 1074 (5th Cir. 1981) ("A decision of the Court of Civil Appeals is controlling on questions of state law in this court, absent strong indication that the Texas Supreme Court would de-

---

**1.** Texas law governs the substantive issues in this diversity of citizenship case. *See, e.g., Erie*

*R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

cide the issue differently."). As a matter of law, therefore, Alcoa owed no legal duty to warn. We accordingly reverse the judgment holding Alcoa liable in negligence and render judgment in its favor.

We also reverse the summary judgment against Alcoa on its third-party claim for indemnity. Texas courts will enforce an agreement that protects the indemnitee from his own negligence only if the contract gives the indemnitor "fair notice" of his obligation to indemnify. *Goodyear Tire & Rubber v. Jefferson Construction,* 565 S.W.2d 916, 919 (Tex.1978) (quoting *Spence & Howe Construction v. Gulf Oil,* 365 S.W.2d 631, 634 (Tex.1963)). Giving fair notice means not only expressing the indemnity obligation clearly and unequivocally but also making the indemnity provision conspicuous in the contract. *Id.; see Gulf Oil v. Burlington Northern Railroad,* 751 F.2d 746, 749 (5th Cir.1985) (applying Texas law); *Eastman Kodak Co. v. Exxon Corp.,* 603 S.W.2d 208, 211 (Tex. 1980); *Safway Scaffold Co. v. Safway Steel Products,* 570 S.W.2d 225, 227–28 (Tex.Civ.App.1978, writ ref'd n.r.e.).

Our judgment that Leonard take nothing on his negligence claim, however, means that Alcoa does not need indemnification for the consequences of its own negligence but only for the attorney fees it paid and the other expenses it incurred in prosecuting its defense. The fair notice requirement has no application in such a case. *See M.M. Sundt Construction v. Contractors Equipment Co.,* 656 S.W.2d 643, 645 (Tex.App.1983, no writ). The summary judgment against Alcoa thus cannot stand on the ground that the indemnity clause did not satisfy the conspicuousness and the clear and unequivocal expression requirements of Texas law.

We further hold that the clause entitled Alcoa to recover its costs of suit. Normal contract rules apply to interpretation of the indemnity provision, and

"[s]ince the provision in question is unambiguous, we must determine the rights and liabilities [of the parties] by giving legal effect to the contract as written." *Ideal Lease Service v. Amoco Production Co.,* 662 S.W.2d 951, 953 (Tex.1983) (interpreting indemnity clause). The clause in this case provided as follows:

G. Buyer [Temple] shall indemnify Seller [Alcoa] against and save it harmless from any and all claims, demands, actions and causes of action of any nature whatsoever, and any expense incident to the defense thereof, for injury to or death of persons and loss of or damage to property arising in connection with the [bottle capping] Machinery or the operation or use thereof, except for any injury to or death of persons and loss of or damage to property resulting from Seller's failure to perform its obligations hereunder.

The clause plainly required Temple to indemnify Alcoa for "any expense incident to the defense" of any claim that arose "in connection with" Temple's use of the capping machine. Equally plainly, Alcoa sustained expenses in defending a suit that arose due to Temple's negligent operation of the machine. As a matter of law, therefore, we hold that Temple must indemnify Alcoa.[2] We accordingly reverse the summary judgment in Temple's favor. We remand the case with instructions to enter summary judgment confirming Alcoa's right to indemnification by Temple. The court is further instructed to conduct a trial to establish Alcoa's damages.

REVERSED AND RENDERED IN PART,

AND REVERSED AND REMANDED WITH INSTRUCTIONS IN PART.

2. *Cf. Ohio Oil Co. v. Smith,* 365 S.W.2d 621, 627–28 (Tex.1963) (holding that general agreement to indemnify obligates indemnitor to pay "all reasonable expenses [that the indemnitee] incurred in defending or settling the claim against him"); *Garcia v. Sky Climber, Inc.,* 470 S.W.2d 261, 269–70 (Tex.Civ.App.1971, writ ref'd n.r.e.) (following *Smith*).