**OPINION**

James B. DUKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0148–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 11, 1986.

Rehearing Denied Jan. 8, 1987.

Irving L. Bates, Sam Deane, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Luis Aguilar, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

WARREN, Justice.

Appellant was charged by an information that alleged that he, "while an agent of William A. Strayer, authorized to sell beer at retail on premises licensed under the laws of Texas, knowingly became intoxicated on the licensed premises," in violation of Tex.Alco.Bev.Code Ann. sec. 104.01(5) (Vernon Supp.1986).

Upon his plea of not guilty, the court found him guilty and assessed punishment at six months in jail, probated, and a $100 fine.

Appellant was employed as a bartender at the J & J Ice House in Houston, a bar owned by William Strayer. On October 18, 1985, he went to work at 6:00 p.m. An officer of the Texas Alcoholic Beverage Commission testified that on that night, he received a complaint about an intoxicated bartender, and the officer and his partner arrived at J & J Ice House between 8:00 and 8:30 p.m. to investigate the complaint.

The officer testified that he saw the appellant take a sip of beer while standing behind the bar, and thereafter the officers administered field sobriety tests, and determined that the appellant was intoxicated. The officers informed the appellant that he would be placed under arrest, but because he had no keys to lock up the bar, the officers allowed him to telephone his daughter and ask her to come tend the bar. While they awaited the daughter's arrival, for approximately 45 minutes, the officers allowed the appellant to continue serving customers.

Appellant testified that he had worked as a bartender at J & J Ice House for about two and one-half years. He denied that he had been intoxicated and testified that he had consumed two beers that evening, between 6:00 p.m. and the time of the officers' arrival. He denied that the officers administered field sobriety tests.

In his sole point of error, appellant argues that the trial court erred in convicting the appellant, because there was insuffi-

cient evidence to prove that appellant was an "agent" of William Strayer, as the information averred.

Appellant relies upon the case of *Heggins v. State*, 620 S.W.2d 603 (Tex.Crim. App.1981). In *Heggins*, the defendant was charged, as an "agent" of his employer, with permitting an intoxicated customer to remain on the premises. The Court of Criminal Appeals reversed the trial court's judgment because there was insufficient evidence to prove that Heggins was his employer's "agent." The court stated: "The State chose to allege that the appellant was an 'agent' rather than a 'servant' or an 'employee.' Having so chosen, it was bound to prove that the appellant was an agent, as that term must be construed." *Id.* at 604.

■ The section of the Alcoholic Beverage Code at issue in *Heggins* and in this case bars an "agent, servant, or employee" of a beer retailer from becoming intoxicated on the retailer's premises. Tex.Alco. Bev.Code Ann. sec. 104.01(5). In *Heggins*, the court noted its earlier construction of sec. 104.01, wherein the court had stated: "The chief distinction between an agent and a servant is that an agent is employed to represent his principal in business dealings and to establish contractual relations between him and third persons, whereas the servant is not." *Heggins*, 620 S.W.2d at 604. (quoting *Ackley v. State*, 592 S.W.2d 606, 608 (Tex.Crim.App.1980)). Employment, standing alone, does not clothe the employed with the powers of an agent. *Vahlsing Christina Corp. v. Ryman Well Service*, 512 S.W.2d 803, 812 (Tex.Civ.App. —Corpus Christi 1974, no writ).

In *Heggins*, as in this case, the evidence included testimony by a police officer that the appellant stood behind the bar and served beer to patrons. 620 S.W.2d at 604. The State, in its reply brief, contends that there is additional testimony that distinguishes the present case from *Heggins*.

The State notes testimony by both the arresting officer and the appellant that the appellant, alone, was in charge of the ice house at the time of the offense. In *Heggins*, the State observes, there was no evidence that the defendant was in charge of the place of business. In so arguing, the State distinguishes *Heggins* from this case, but the distinction drawn is not the one that separates "agents" from "servants" or "employees."

■ The Court of Criminal Appeals, in *Heggins*, defined the "chief distinction" between an agent and other employees as being the agent's unique authority to represent his principal in business dealings and to enter into contractual relations on his principal's behalf. *Heggins*, 620 S.W.2d at 604. The additional evidence pointed to by the State in the record before us does not prove that appellant was an agent, because the evidence does not show the appellant had the unique authority described by the *Heggins* court. The evidence does not show that the appellant had authority to represent his principal in business dealings, merely because the testimony indicated that he was the only employee serving drinks. On the contrary, the evidence shows that the appellant did not even have keys to the bar. The evidence is insufficient to prove, under the *Heggins* test, that the appellant was an agent.

Though the distinction between an agent and a servant made by the court in *Heggins* is nebulous, and of little help to the drafter of an information, we are nevertheless bound by its holding. We respectfully suggest that the legislature amend the statute and define "agent" and "employee," or specifically state that for the purposes of the statute, the two terms are to be considered the same.

The judgment is reversed, and a judgment of acquittal is rendered.