**CHARLES E. BEARD, INC., d/b/a Security Microfilm Company**

v.

**McDONNELL DOUGLAS CORPORATION.**

**Civ. A. No. B-87-1359-CA.**

United States District Court, E.D. Texas, Beaumont Division.

April 17, 1990.

---

Jon B. Burmeister, Moore, Landrey, Garth & Jones, Beaumont, Tex., for plaintiff.

Gerald T. Holtzman, Tom Bayko, Andrea M. Johnson, Holtzman & Urquhart, Houston, Tex., for defendant.

### MEMORANDUM OPINION ON MOTION FOR NEW TRIAL

COBB, District Judge.

This case was tried to a jury and judgment was entered November 2, 1989. The court granted an instructed verdict for the defendant at the close of all the evidence. One of the claims plaintiff alleged was violation of Deceptive Trade Practices Act. VERNON'S ANN.CIV.STAT., BUS & COMM.CODE § 17.505(a) of the Act provides plaintiff must serve notice in the form of a notice letter to defendant at least thirty days before filing suit. VERNON'S ANN.CIV.STAT., BUS. & COMM.CODE § 17.505(a). This court stated that absence of a timely notice letter was fatal to plaintiff's claim and dismissed the Deceptive Trade Practices Claim. *Beard v. Cameronics*, 729 F.Supp. 528 (E.D.Tex.1989).

Plaintiff has filed a motion for new trial. One of the assignments of error states the court erred in failing to abate the proceedings for thirty days, instead of granting an instructed verdict. The plaintiff has cited Texas cases which support his position. *Miller v. Presswood*, 743 S.W.2d 275 (Tex. App.—Beaumont 1987, no writ); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245 (Tex. 1988) (Gonzales, J., dissenting); *The Moving Co. v. Whitten*, 717 S.W.2d 117 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Although abatement might cure the notice requirement, independent grounds may require a directed verdict of dismissal of a Deceptive Trade Practices Act action against the plaintiff. *Texas National Bank of Laredo v. United States Fire Ins. Co.*, 640 F.Supp. 278, 279–80 (S.D.Tex. 1985).

At the close of all the evidence, the court held the plaintiff had presented no evidence that any act of the defendant was a producing cause of plaintiff's alleged damages, and the court instructed a verdict as a result of this failure.

In addition, the court held there was no evidence of a deceptive act on the part of the defendant McDonnell Douglas. Thus, the plaintiff failed to prove an essential part of his case on this issue. Because of this failure, defendant's motion for a directed verdict was granted.

The court finds these independent grounds required the directed verdict. Plaintiff's motion for new trial urges other grounds; however, these arguments have been previously denied. *See, Beard v. Cameronics Technology*, 729 F.Supp. 528 (E.D.Tex.1989). Plaintiff's motion for new trial is DENIED.