**PPG INDUSTRIES, INC.**

v.

**SHELL OIL COMPANY, et al.**

Civ. A. No. 89–1942.

United States District Court, E.D. Louisiana.

Dec. 18, 1989.

Gary M. Zwain, Duplass, Witman & Zwain, Metairie, La., for plaintiff.

Martin A. Stern, Adams and Reese, New Orleans, La., for Shell Oil Co.

James F. Holmes, Christovich & Kearney, New Orleans, La., for Brown & Root, Inc.

## ORDER AND REASONS

MENTZ, District Judge.

## INTRODUCTION

On May 3, 1983, Shell and PPG entered into a contract for the sale of ethylene by Shell to PPG. On May 5, 1988, an explosion occurred at the Shell oil refinery in Norco, Louisiana. As a result of that explosion, Shell reduced the quantity of ethylene being delivered to PPG. Thereafter, on May 2, 1989, PPG instituted the present suit against Shell and Brown & Root. PPG claims that Shell breached its contract by failing to deliver the specified quantities of ethylene following the Norco explosion. PPG is also suing Shell, as well as Brown & Root, in tort. PPG claims that Shell and Brown & Root acted negligently with respect to the refinery explosion, and that this negligence prevented Shell from delivering the ethylene to PPG. PPG seeks to recover its economic losses allegedly suffered as a result of Shell's inability to perform under the contract. PPG also seeks to recover its economic losses on the basis of a separate duty of care PPG alleges was owed to it by both Shell and Brown & Root.

The Court, after having reviewed the motions, memoranda and arguments of counsel, the record, and the law, hereby grants Shell's and Brown & Root's motions for the reasons set forth below.

### Choice of Law Under the Contract Claim

▮ A federal court sitting in diversity must apply the choice of law principles of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, this Court is bound to apply the Louisiana choice of law rules. Absent strong public policy considerations, Louisiana allows parties to stipulate in their contracts which state's law are to govern them. *NCH Corporation v. Broyles*, 749 F.2d 247, 250 (5th Cir.1985); *Conoco, Inc. v. Tenneco, Inc.*, 524 So.2d 1305, 1308–09 (La.App. 3rd Cir.), *writ denied*, 525 So.2d 1048 (La.1988).

In the instant case, section 13 of the contract in question specifies that Texas law will govern the interpretation of the contract. No showing has been made that applying Texas law would violate any strong public policy considerations. Ac-

cordingly, Texas law controls PPG's breach of contract claim.

### Breach of Contract Claim

■ Summary judgment is particularly appropriate in cases where the language of the contract is unambiguous, and "only the interpretation of the contract in the light of the law of Texas" is in dispute. *Bartle v. Travelers Ins. Co.*, 171 F.2d 469, 471 (5th Cir.1948). Under Texas law, interpretation of an unambiguous contract is a question of law. *Technical Consultant Services v. Lakewood Pipe*, 861 F.2d 1357, 1362 (5th Cir.1988) (citation omitted). A determination of ambiguity is reserved to the Court. *Jon–T Chemicals, Inc. v. Freeport Chemical Co.*, 704 F.2d 1412, 1417 (5th Cir.1983). Because the issue in this portion of the motion is the interpretation of the contract in light of the law of Texas, and because the contract clause at issue is unambiguous, summary judgment should be granted in Shell's favor.

■ The contract between PPG and Shell contained an "excuses for nonperformance" clause. Section 8 of the contract reads:

EXCUSES FOR NONPERFORMANCE
Either Seller or Buyer will be excused from the obligations of this Contract to the extent that performance is delayed or prevented by any circumstances (except financial) *reasonably beyond its control or by fire, explosion,* mechanical breakdown, strikes or other labor trouble, plant shutdown, unavailability of raw materials or unavailability of or interference with the usual means of transporting the Product or compliance with any law, regulation, order, recommendation, or request of any governmental authority. If, because of such circumstances, there should be a shortage of Product from any of Seller's sources, Seller will not be obligated to purchase Product in order to perform this Contract and may apportion its available Product among all its contract customers and its own internal uses in such manner as Seller finds fair and reasonable, PROVIDED, however, that Seller will not be obligated to

apportion or otherwise make available to Buyer Product which Seller obtains by purchase for its own internal uses. Quantities of Product consequently undelivered will be deducted from the applicable remaining quantity obligation unless the parties agree otherwise.

(emphasis added).

■ PPG maintains that the phrase "reasonably beyond its control" qualifies the rest of the contract clause, making the exculpation of Shell dependent upon whether the explosion was reasonably beyond its control. However, under the law of Texas, contract language should be given its "plain grammatical meaning." Simply stated, "or" is disjunctive, or alternative in its effect. *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985); *Shell Petroleum Corp. v. Royal Petroleum Corp.*, 135 Tex. 12, 137 S.W.2d 753, 758 (Comm. of App.Tex.1940); *Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co. of Texas*, 142 Tex. 630, 180 S.W.2d 906 (1944). In other words, "or" means or, not "and." However, PPG argues that the Court is required to determine whether reading "or" as disjunctive would defeat the intentions of the parties, and whether the context requires the Court to determine if a conjunctive meaning is more appropriate. PPG misconstrues Texas law. These inquiries are necessary *only* if the Court were to determine as a matter of law that the contract language is ambiguous. *See Board of Insurance Commissioners*, 180 S.W.2d at 908. If that were the case, only then would the Court use the two-step inquiry suggested by PPG in order to determine whether there was a genuine issue of material fact with respect to the parties intentions, and whether any compelling reasons existed for using the conjunctive "or." However, as noted previously, this Court finds that there is no genuine issue of material fact regarding the plain language of the contract. As a matter of law the contract is unambiguous. "Or" is disjunctive and, therefore, Shell is exculpated under Section 8 of the contract, because of the explosion, regardless of whether the explosion was "reasonably be-

yond its control." *See Eastern Airlines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957, 992 (5th Cir.1976). This is not an absurd result, as suggested by PPG, because commercially it would make no sense for Shell to intentionally blow up its own refinery in order to avoid delivering ethylene to PPG. Indeed, it would not make commercial sense for Shell to intentionally bring about any of the contingencies enumerated in Section 8 of the contract.

As noted previously, PPG contends that the term "reasonably beyond its control" modifies the enumerated events which follow "or" in Section 8 of the contract. This interpretation is not in keeping with the plain grammatical meaning of the disjunctive. However, there are cases in this circuit which apply a conjunctive meaning to such a clause. Although, it is important to note, the "reasonably beyond its control" language *follows* and *clearly modifies* by reference the enumerated contingencies. In *Jon–T Chemicals*, the excuse clause read in pertinent part:

"Seller shall not be liable for any failure or delay in performance hereunder which may be due, in whole or in part, to fire, explosion, earthquake, storm, flood, draught ... *or any contingency or delay or failure or cause of any nature beyond the reasonable control of Seller, whether or not of the kind hereinabove specified....*"

*Jon–T Chemicals*, 704 F.2d at 1414.

In *Nissho–Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir.1984), the "force majeure" clause excused nonperformance caused by:

"executive or administrative orders or acts [of the Libyan Government], ... or by breakdown or injury to ... producing ... or delivering facilities, ... *or by any other event, whether or not similar to the causes specified above ..., which shall not reasonably be within the control of the party against whom the claim would otherwise be made ...*"

*Id.* at 1533 (emphasis added).

In these two cases, the reasonable control language and the enumerated events are plainly and grammatically tied togeth-

er. However, in Section 8 of the Shell–PPG contract these same two portions are not tied together conjunctively, and should not now be read that way. The language is clear and unambiguous; "or" means or, not "and". There is no genuine issue of material fact regarding the wording of the contract, particularly Section 8 of the contract. Therefore, Shell is entitled to a judgment as a matter of law.

The other bases on which Shell claims summary judgment should be granted in its favor are that proper notice was not given by PPG under the contract, and that PPG's claim for consequential damages are not allowed under the contract. Since summary judgment is being granted under the force majeure provision, these issues need not be addressed by the Court.

### *PPG's Tort Claim Against Shell*

Under interest analysis, Louisiana law controls PPG's tort claim against Shell. *Jagers v. Royal Indemnity Company*, 276 So.2d 309 (La.1973). The explosion occurred in Louisiana, the ethylene was delivered in Louisiana, the conduct of the parties in question occurred in Louisiana, and the parties dealt with each other regarding the performance of the contract obligations here in Louisiana. However, in the final analysis it matters not which state's law controls. Under both Louisiana and Texas law, Shell must owe a legal duty to PPG in order to be liable in tort. *New Orleans v. United Gas Pipeline Co.*, 517 So.2d 145 (La.App. 4th Cir.1987), *cert. denied,* ——— U.S. ———, 109 S.Ct. 273, 102 L.Ed.2d 262 (1988); *Leonard v. Aluminum Co. of America*, 767 F.2d 134, 136 (5th Cir.1985), *vacated on other grounds*, 800 F.2d 523 (5th Cir.1986). That duty must be independent and separate from any duty created by contract. *New Orleans*, 517 So.2d at 167. And while a party can incur liability in tort notwithstanding a contractual relationship, there must still be some duty owed by the defendant to the plaintiff. *Id.* at 167, *citing Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081 (La. 1983). In short, PPG's damages were caused by Shell's failure to perform its

contract obligations, not by Shell's breach of some general legal duty to PPG. *See id.* PPG's tort claim against Shell fails as a matter of law because Shell's conduct was not a delict. In other words, Shell had no general legal duty to supply ethylene to PPG.

### PPG's Tort Claim Against Brown & Root

 The Court finds that there is no genuine issue of material fact with respect to PPG's tort claim against Brown & Root. For the same reasons asserted in Shell's motion for summary judgment, and under the rule of law in *PPG Industries, Inc. v. Bean Dredging*, 447 So.2d 1058 (La.1984), Brown & Root is entitled to a judgment as a matter of law.

Brown & Root had no direct relationship to PPG. They were not a party to the ethylene contract between Shell and PPG. Brown & Root simply performed maintenance work on a portion of the refinery that is now alleged to have caused the explosion.

The issue in *PPG Industries* was whether a dredging contractor who negligently damaged a natural gas pipeline may be held liable for the economic losses incurred by the pipeline owner's contract customer who was required to seek and obtain gas from another source during the period of repair. *Id.* at 1059. The Louisiana Supreme Court concluded that:

> "While the situation giving rise to the question in this case falls literally within the expansive terms of La.C.C.Art. 2315, in that the dredging contractor's act ... cause[d] damage to another', the customer cannot recover his indirect economic loss."

*Id* (footnote omitted). The court held that such losses "do not fall within the scope of the protection intended by the law's imposition of a duty on dredging contractors not to damage pipelines negligently." *Id.* at 1059–60.

*PPG Industries* is on all fours with the present case. PPG is claiming "business interruption losses" as a result of the refinery explosion. These losses do not fall within the scope of Brown & Root's general legal duty not to negligently repair or maintain Shell's piping system connected to the refinery catalytic cracker units.

Accordingly,

IT IS ORDERED that:

(1) Shell's motion for summary judgment is GRANTED and PPG's contract and tort claims against Shell in this matter are DISMISSED with prejudice; and

(2) Brown & Root's motion for summary judgment is GRANTED and PPG's tort claim against Brown & Root in this matter is DISMISSED with prejudice.