PPG INDUSTRIES, INC.,
Plaintiff–Appellant,

v.

SHELL OIL COMPANY, et al.,
Defendants–Appellees.

No. 90–3053
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1990.

---

Gary M. Zwain, Andrew D. Weinstock, Duplass, Witman & Zwain, Metairie, La., Stephen A. Cozen, Huey Cotton, Cozen & O'Connor, Philadelphia, Pa., for PPG Industries, Inc.

Thomas J. Wyllie, Martin A. Stern, Adams & Reese, New Orleans, La., for Shell Oil Co.

James F. Holmes, Christovich & Kearney, New Orleans, La., for Brown & Root.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant PPG Industries, Inc. seeks review of the district court's order granting summary judgment in favor of Shell for excusable non-performance of an ethylene delivery contract. Because we find the district court properly interpreted the force majeure clause and correctly applied the controlling law, we affirm and adopt its opinion. *See PPG Industries, Inc. v. Shell Oil Co.*, 727 F.Supp. 285 (E.D.La.1989).

The district court failed to address the applicability of Tex.Bus. & Com.Code §§ 2.615 and 1.102(c) to the force majeure clause at issue in this case. Although our conclusions regarding these issues do not alter the district court's result, we write separately to address these contentions.[1]

The district court properly concluded that the force majeure clause excused non-performance due to explosion irrespective of whether the explosion was "beyond the reasonable control" of Shell. PPG argues that Tex.Bus. & Com.Code § 2.615 imposes, as a matter of law, a requirement that all force majeure events be beyond the parties' reasonable control.[2] Additionally, PPG submits that § 1.102(c) imposes a non-waivable duty of good faith and diligence that precludes enforcement of the clause. We reject these arguments.

In support of its position, PPG cites several cases in which courts refused to excuse the non-performing party because the force majeure was found to be within its control. A careful reading of these cases, however, reveals that the reasonable control requirement was supplied by the *terms of the contracts* rather than the *dictates of the law*. *See e.g., United States v. Brooks–Callaway Co.*, 318 U.S. 120, 63 S.Ct. 474, 87 L.Ed. 653 (1943); *Eastern Air Lines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957 (5th Cir.1976); *Rowan Cos. v. Transco Exploration Co.*, 679 S.W.2d 660

---

1. The force majeure clause provides in pertinent part:

   Either seller or buyer will be excused from this contract to the extent that the performance is delayed or prevented by any of circumstances (except financial) reasonably beyond its control *or* by ... explosion ... (emphasis added).

2. Section 2.615 provides suppletive provisions excusing non-performance even if the contract is silent in that regard. The relevant subsection provides that non-performance is "not a breach of [a party's] duty under a contract for sale if performance as agreed has been made impracticable by the occurrence of a contingency...."

(Tex.Ct.App.—Houston [1st District] 1984). Contrary to PPG's assertion, these cases do not establish a rule of law regulating the content of a force majeure clause. In fact, in *Kodiak 1981 Drilling Partnership v. Delhi Gas Pipeline Corp.*, 736 S.W.2d 715 (Tex.Ct.App.—San Antonio 1987) the court discussed a Third Circuit case, not governed by Texas law, which applied a rule that a force majeure must be "unforeseeable,"[3] the same approach advocated by PPG. The *Kodiak* court concluded that "[this holding] has not been approved by any Texas court, state or federal." *Id.* at 721.

PPG also suggests that dicta in *Nissho–Iwai Co., Ltd. v. Occidental Crude Sales Inc.*, 729 F.2d 1530 (5th Cir.1984) supports its contention that § 2.615 limits the acceptable definition of a force majeure. In that case, the court was not required to reach that question because California law imposed a reasonable control requirement on force majeure clauses irrespective of the language of the contract. *Id.* at 1540. In dicta, the court commented that "it is probable that UCC § 2.615 would require application of the 'reasonable control' exception ..." *Id.* at 1541 n. 19. The *Nissho–Iwai* court relied on Professor William Hawkland's interpretation of UCC § 2.615, which he suggests imposes limits that are "the minimum beyond which American courts have not permitted parties to contract." *Id.*, quoting Hawkland, *The Energy Crisis and § 2.615 of the Uniform Commercial Code*, 79 Com.L.J. 75, 79 (1974). We find this dictum uncontrolling. A plain reading of Comment 8 to this section reveals that the only codal limitation is "mercantile sense and reason." As this court noted in *Eastern Air Lines*, "[w]e disagree with the suggestion of [Professor Hawkland] that § 2.615 imposes a fixed standard governing the interpretation of exemption clauses." *Eastern Air Lines*, 532 F.2d at 991. We decline to substitute the "mercantile sense and reason" of either this court or Professor Hawkland for that of these two sophisticated corporations.

Finally, PPG argues that Tex.Bus. & Com.Code § 1.102(c) creates a non-waivable duty of good faith and diligence which Shell's force majeure clause contravenes. We disagree. PPG ignores the clear language of § 1.102(c) which permits parties to "determine the standard by which the performance of [contractual obligations] is to be measured if such standards are not *manifestly unreasonable*." (emphasis added). *See Eastern Air Lines*, 532 F.2d at 991 n. 96. As to the parties' right to anticipate and allocate business risks between them, § 1.102(c) imposes a limitation rather than a prohibition. This limitation is the "manifestly unreasonable" standard, one we deferentially apply to the contracts of such sophisticated parties as PPG and Shell. *See generally Jon–T Chemicals, Inc. v. Freeport Chemical Company*, 704 F.2d 1412 (5th Cir.1983) (parties retain the utmost freedom to anticipate business risks and allocate them accordingly.) We conclude that this force majeure clause does not manifestly exceed the § 1.102(c) standard for commercial reasonableness.

### Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**3.** *See Gulf Oil Corp. v. Federal Energy Regulatory Com.*, 706 F.2d 444 (3d Cir.1983), cert. denied, 464 U.S. 1038, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984).