Dorith Uwira PAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44272.

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied April 18, 1973.

Levin, Weinberg & Levin by Stanley I. Weinberg, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for solicitation of a person to buy a drink for consumption by an employee under Art. 667–19B(e), Vernon's Ann.P.C. The punishment was assessed by the jury at twelve months confinement in jail and a fine of $450. The jury recommended to the court that the appellant be granted probation under the Misdemeanor Probation Law, and the court ordered the twelve months jail term probated. One of the conditions of probation imposed by the court in its order was the payment of fine not later than October 9, 1970.

At the outset, appellant contends that the court erred in failing to sustain her motion in arrest of judgment and motion to quash the complaint and information because they failed to allege the commission of a criminal offense.

Omitting the formal parts, the material portions of the complaint and information (identical) read as follows:

"* * * that one Dorith Uwira Page hereinafter styled Defendant, heretofore, on or about the 9th day of April A.D. 1970 in the County of Dallas and State of Texas, was an employee of the Blue Bunny Club located at 3007 Lemmon Avenue in the City of Dallas, Texas; said club being the holder of a Beer and Wine Retailers Permit authorizing the sale of beer at retail issued by the Texas Alcoholic Beverage Commission, and said defendant as such employee did then and there unlawfully solicit a customer in said club, T. H. Vannoy, to buy her a drink of alcoholic liquor."

The Statute in question, Subsection (e), of Article 667–19B, V.A.P.C., includes within the prohibited conduct at any place of business where the sale of beer at retail is authorized, the "solicitation of any person to buy drinks or beverages for consumption by the retailer or his employees." Appellant contends that the affidavit and information failed to describe the offense according to its statutory definition, in that the words "for her consumption" are omitted.

In Hutchins v. State, 426 S.W.2d 235, this Court said:

"We reject appellant's contention that to be valid the information must include the exact words of the statutory definition of an 'open saloon.' We conclude that the information sufficiently sets forth the offense in plain and intelligible words in such a manner as to enable a person of common understanding to know what is meant and to give the accused notice of the particular offense with which he is charged."

In Townsend v. State, 121 Tex.Cr.R. 79, 51 S.W.2d 696, the accused was charged with demanding and receiving a false fee, and it was contended that the indictment was bad for failure to allege that the fee was received by accused "for himself" or "for another" in accordance with Article 365, P.C.1925. The court said, "It occurs to us that no possible doubt could exist of the fact that this language plainly charges a collection of the fee for himself."

■ In the instant case, no possible doubt could exist that the language of the affidavit and the information, "did then and there unlawfully solicit a customer in said club, T. H. Vannoy, to buy her a drink of alcoholic liquor," shows that the appellant did unlawfully solicit a customer to buy a drink for her consumption.

No error is shown.

Appellant contends that Article 667–19B(e), V.A.P.C., is a civil and not a penal statute. Appellant's contention appears to be based on the fact that Article 667–19, V.A.P.C., authorizes the Texas Alcoholic Beverage Commission to suspend a license for a period not exceeding sixty days, upon finding that licensee has committed certain acts or allowed certain acts to be committed on the licensed premises and that 667–19B, V.A.P.C. (the instant case being filed under Subd. [e] of same) declares those acts deemed to be lewd, immoral, or offensive to public decency for the use of the Texas Alcoholic Beverage Commission in determining whether or not to cancel or suspend a license that it had issued.

Article 667–19B provides:

"For the purposes contemplated by this Act [Art. 666–1, et seq., 667–1, et seq.], conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant or employee of said person, to engage in or to permit such conduct on the premises of the retailer:

* * * *

"(e) Solicitation of any person to buy drinks or beverages for consumption by the retailer or his employees (as amended Acts 1953, 53rd Leg., p. 643, Chap. 249, Sec. 14)."

Article 667–26 provides:

"Conviction upon criminal prosecution for any violation of this Article shall require assessment of penalty or penalties as provided in Sec. 41, Art. 1 of this Act [Art. 666–41]."

Article 666–41 provides:

"Any person who violates any provision of this Act [Art. 666–1, et seq., 667–1, et seq.] for which a specific penalty is not provided shall be deemed guilty of a misdemeanor and upon conviction be punished by a fine of not less than $100.00 and not more than $1,000.00, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment.

"The term 'specific penalty' as used in this Section means and refers only to a penalty which might be imposed as a result of a criminal prosecution."

■ It can thus be seen from a reading of the statutes involved that Article 667–19B(e) is a penal statute.

■ Appellant contends Article 667–19B(e), V.A.P.C., is unconstitutionally vague. It appears appellant's contention is based upon the failure of the statute to define "solicitation." In Coutlakis v. State, 160 Tex.Cr.R. 249, 268 S.W.2d 192, this Court said:

"It is also insisted that the opinion herein erred in its holding that the term 'solicit' should not have been defined more clearly in the statute; and it is suggested that there can be no solicitation un-

less the same of necessity entails the passage of money from the person solicited to the so-called organizer doing the soliciting. The word 'solicit' is one of common usage and its meaning is simple and not subject to any peculiar usage. As here used, it means 'to entice, to request, to incite' and surely it does not contain the further proposition that it should be a successful solicitation evidenced by the passage of money from one person to another. We do not think this word is vague, indefinite or uncertain, but its import is a matter understood by people who understand the meaning of the language. See 39 Words and Phrases, Solicit, page 615."

 Appellant further contends that the statute is vague in that a waitress would be in violation of the statute if she merely asked a patron if he wanted anything to drink. We disagree. The statute does not prohibit a waitress from soliciting a person to buy drinks for any person other than the retailer or his employees. We reject appellant's contention that the statute under which the prosecution was brought is unconstitutionally vague.

Appellant contends that the statute purportedly violated does not apply to the holder of a Beer and Wine Retailer's Permit or his alleged employees. Appellant argues Art. 667–19, V.A.P.C., entitled "Cancellation or suspension of license" as enforced through Art. 667–19B, V.A.P.C., applies only to the holder of a "Retail Dealer's Off-Premise or On-Premise License" and that nowhere in the two statutes is there any indication that their provisions apply to the holder of a "Beer and Wine Retailer's Permit."

Article 666–15(17), V.A.P.C., provides for classifications and regulations regarding permits issued by the Texas Alcoholic Beverage Commission. Appellant contends that 666–15(17), V.A.P.C., does not call for any criminal sanctions against the holder of a "Wine and Beer Retailer's Permit."

Article 666–15(17), V.A.P.C., authorizes the holder of a "Wine and Beer Retailer's Permit" to sell beer for consumption either on or off the premises. Article 667–19B applies to "a place of business where the sale of beer at retail is authorized." It necessarily follows that a holder of a "Wine and Beer Retailer's Permit," under Article 666–15(17), V.A.P.C., or his employees, may violate Article 667–19B(e), V.A.P.C.

A number of other contentions are set forth in appellant's brief which are neither briefed or discussed and, therefore, present nothing for review. Art. 40.09, Sec. 9, V.A.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.