**Jolene Faye ACKLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59317.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 16, 1980.

Sam R. Wilson, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Bill Adkins Camp, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the unlawful solicitation of drinks by an employee of a licensed premises. V.T.C.A. Alcoholic Beverage Code, Sec. 104.01(5).

The punishment is confinement in jail for thirty days and a fine of $1,000.00.

Appellant contends that the information on which this conviction is based is fundamentally defective. She also contends that the court's charge to the jury is fundamentally defective.

Sec. 104.01, supra, reads, in pertinent part, as follows:

"No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

". . .

"(5) solicitation of any person to buy drinks for consumption by the retailer or any of his employees."

The information in this case alleges that on or about September 30, 1977, appellant "while the agent of Victoria Murdock, a retailer authorized to sell beer on premises licensed under the laws of Texas, knowingly solicit[ed] on the licensed premises J. W. Consford to buy drinks for consumption by the Defendant."

The court's charge applying the law to the facts of the case reads:

"THEREFORE, if you believe from the evidence beyond a reasonable doubt that the defendant, Jolene Faye Ackley, on or about the 30th day of September, A.D., 1977, in the County of Harris, State of Texas, did unlawfully and knowingly while the agent of Victoria Murdock, a retailer authorized to sell beer on premises licensed under the laws of Texas, knowingly solicit on the licensed premises J. W. Consford to buy drinks for consumption by the said Jolene Faye Ackley, then you will find the defendant guilty as charged.

"If you do not so believe or if you have a reasonable doubt thereof, then you will find the defendant 'Not Guilty.' "

Appellant argues that Sec. 104.01(5), supra, prohibits the solicitation of drinks for consumption by the retailer or any of his

employees, but does not prohibit solicitation of drinks for consumption by agents or servants of the retailer. Appellant bases this argument on the contrast between the introductory paragraph of the statute, which refers to the "person authorized to sell beer at retail . . . his agent, servant, or employee . . .," and subparagraph (5) which refers to "the retailer or any of his employees."

The Alcoholic Beverage Code does not define the terms "employee," "agent," and "servant." The Code Construction Act, V.A.C.S. Art. 5429b–2, Sec. 2.01, provides that words shall be read in context and construed according to the rules of grammar and common usage, and that words having acquired a technical or particular meaning shall be construed accordingly.

 The term "employee" has neither technically nor in general use a restricted meaning by which any particular employment or service is indicated. 30 C.J.S. Employee p. 672 (1965). Generally speaking, an employee is simply a person who works for another in return for financial or other compensation. See Black's Law Dictionary (4th ed., 1968); The American Heritage Dictionary of the English Language (1970). The test to determine whether one person is another's employee is whether or not he is subject to the control of the other person. *Herndon v. Halliburton Oil Well Cementing Co.*, 154 S.W.2d 163 (Tex.Civ.App.—El Paso 1941, writ ref'd w. o. m.); *Trader's and General Ins. Co. v. Wood*, 148 S.W.2d 975 (Tex.Civ.App.—Amarillo 1941, writ dism'd jdgment cor.).

Unlike "employee," the terms "agent" and "servant" have technical legal definitions. Each refers to a particular form of employment.

 An agent is one who is authorized by another to transact business or manage some affair for him, and to render to him an accounting of such transaction. The term "agency" denotes a consensual relation existing between two persons, by virtue of which one of them is to act for and on behalf of the other, being subject to the other's control. 2 Tex.Jur.2d, Agency, Sec. 1, p. 436 (1959).

 A servant is a person employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right of control by the master. 38 Tex.Jur.2d, Master and Servant, Sec. 1, p. 131 (1962). The chief distinction between an agent and a servant is that an agent is employed to represent his principal in business dealings and to establish contractual relations between him and third persons, whereas the servant is not. Moreover, the servant is not allowed the use of personal discretion as to the means of accomplishing the ends for which he is employed. 2 Tex. Jur.2d, Agency, Sec. 4, p. 439 (1959).

 Although the relationship between a principal and his agent is legally distinct from the relationship between a master and his servant, both relationships constitute forms of employment. Both agents and servants work for another, and both are subject to the other's control. In other words, an agent is the employee of his principal and a servant is the employee of his master. It has been held in another context that the term "employee" includes "servant" and "agent." *Gibson v. Gillette Motor Transport*, 138 S.W.2d 293 (Tex.Civ. App.—Eastland 1940, writ ref'd).

 We hold that the phrase "any of his employees" in Sec. 104.01(5), supra, refers to any person who works for the retailer in return for financial or other consideration, and who is subject to the control of the retailer. Agents and servants of the retailer are employees within the meaning of this subsection.

This construction of the statute is consistent with the object sought to be attained by the statute and avoids the illogical consequences that would follow from appellant's proposed construction. Code Construction Act, supra, Sec. 3.03(1) and (5).

It is highly unlikely that the legislature, in enacting a prohibition against the solicitation of drinks for the consumption of employees of beer retailers, intended to ex-

clude from this prohibition agents and servants of the retailer. Such a construction would virtually nullify the statute. In construing a statute, a rational and sensible construction should be favored. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978).

■ The information in this case is sufficient to state an offense under Sec. 104.-01(5), supra. See *Fox v. State*, 561 S.W.2d 495 (Tex.Cr.App.1978); *Page v. State*, 492 S.W.2d 573 (Tex.Cr.App.1972). It is not a fundamental defect that the information describes appellant only as an agent of the retailer. Similarly, the charge is not fundamentally defective for authorizing appellant's conviction if the jury finds that she was an agent of the retailer when she solicited drinks for her own consumption.

The judgment is affirmed.

ROBERTS, J., not participating.