Honorable Oscar H. Mauzy Chairman Committee on Jurisprudence Texas State Senate P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Interpretation of Rider No. 7 to the appropriation for the Texas Adult Probation Commission in the General Appropriations Act passed by the Sixty-ninth Legislature
Dear Senator Mauzy:
You have asked a question about language in a rider to the General Appropriations Act passed by the Sixty-ninth Legislature. Rider No. 7 to the appropriation for the Texas Adult Probation Commission provides:
 It is the intent of the Legislature that the Adult Probation Commission shall reduce per capita state aid payments to local probation departments by a sum equal to the amount by which the local probation departments' actual payments for mileage or monthly car allowances exceed the payments which would be justified using the state mileage reimbursement rate upon a determination by the Adult Probation Commission that the actual payments did exceed the state mileage reimbursement rate. In viewing the mileage or car allowances paid by local probation departments and in making related adjustments in per capita aid, the Adult Probation Commission shall not consider mileage or car allowances provided to individuals employed by probation departments as of May 31, 1985. (Emphasis added).
General Appropriations Act, Acts 1985, 69th Leg., ch. 980, at 7452.
The underlined language is, in effect, a grandfather clause. You state that some local probation departments are interpreting that clause as not applying to probation officers who were trainees on May 31, 1985, and who have now become regular probation officers.
Assuming this rider is valid, the clause in question applies to persons who were employees on May 31, 1985. It is not limited to persons who were probation officers on that date. Anyone who works for a probation department for compensation is an employee. See Northwestern National Life Insurance Company v. Black,383 S.W.2d 806, 809, 810 (Tex.Civ.App.-Texarkana 1964, writ ref'd n.r.e.); Ackley v. State, 592 S.W.2d 606, 608 (Tex.Crim.App. 1980). Thus, if trainees receive compensation from local probation departments, they are employees of such departments. The grandfather clause in the rider set out above applies to anyone who was an employee of a local probation department on May 31, 1985.
 SUMMARY
If the rider is valid, the grandfather clause in Rider No. 7 to the appropriation for the Texas Adult Probation Commission in the General Appropriations Act enacted by the Sixty-ninth Legislature applies to anyone who was an employee of a local probation department on May 31, 1985.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General