**REVERSED and Opinion Filed February 12, 1999**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-96-00233-CR

---

### MICHELLE A. SAUNDERS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court No. 4
Dallas County, Texas
Trial Court Cause No. MA95-43700-E**

---

## OPINION

Before Chief Justice Thomas and Justices Bridges and Roach
Opinion By Chief Justice Thomas

Michelle A. Saunders was convicted in a non-jury trial of unlawfully soliciting drinks while working as an employee of an establishment licensed by the Texas Alcoholic Beverage Commission. *See* TEX. ALCO. BEV. CODE ANN. § 104.01(4) (Vernon 1995). In two points of error, appellant challenges the legal and factual sufficiency of the evidence to support her conviction. Specifically, appellant contends the evidence did not establish that she was an employee of the licensed premises. We agree.

The uncontested testimony from two undercover police officers established that appellant danced topless on-stage at the King's Lounge, a bar licensed to serve alcoholic beverages. After

finishing her dance, appellant joined the officers at a table. When a waitress arrived to take drink orders, appellant asked one of the officers if he would buy her a drink. When the officer answered affirmatively, appellant ordered a Malibu Fling, an alcoholic beverage. The officer paid for the drink and appellant drank it.

An "employee" as that term is used in the alcoholic beverage code, means, "any person who works for the retailer in return for financial or other consideration, and who is subject to the control of the retailer." *See Ackley v. State*, 592 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1980). There is no testimony regarding appellant's compensation arrangements with King's Lounge, nor did the State produce any evidence showing control of appellant by the establishment. Therefore, even when viewed in the light most favorable to the judgment, the evidence is legally insufficient to support the conviction. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App.), cert. denied, 507 U.S. 975 (1993). We sustain appellant's point of error.

We reverse the trial court's judgment, and enter a judgment of acquittal.


LINDA THOMAS
CHIEF JUSTICE


Do Not Publish
TEX. R. APP. P. 47.3

Case Number: 05-96-00023-CR   Date Filed: 01/04/1996

Style:  Hicks, Johnny Ronnell
v.
The State of Texas

---

APP   Johnny Ronnell Hicks
INM 000732345
TDC#732345
Ellis II Unit
H2-304
Huntsville, TX 77340

STA   Sue Korioth
ATT 011681975
Assistant District Attorney
Frank Crowley Courts Building
133 North Industrial Blvd., LB 19
Dallas, TX 75207
Phone 214/653-3661
Fax 215/653-3643

CC:   Clerk -

CC:   Judge -

Author of opinion Chief Justice Thomas

Trial Court Judge Johnson

Rehear denied_____

**THIS OPINION IS RELEASED FOR PUBLICATION   YES /  NO**



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHELLE A. SAUNDERS. Appellant

No. 05-96-00023-CR　　　V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court No. 4 of Dallas County, Texas. (Tr.Ct.No. MA95-43700-E).
Opinion delivered by Chief Justice Thomas,, Justices Bridges and Roach participating .

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered February 12, 1999.

LINDA THOMAS
CHIEF JUSTICE