# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00251-CR

**Norwood Lee Hilstock, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 003503, HONORABLE THOMAS BLACKWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Norwood Lee Hilstock was convicted of the offense of improper sexual activity with a person in custody.[1] The district court sentenced him to twelve months in prison. Because appellant was an employee of the Wackenhut Corporation who worked as a corrections officer at the Travis County Community Justice Center, he urges on appeal that the evidence is legally and

---

[1] During the relevant time period of the offense, section 39.04(a) of the penal code provided that Aan official or employee of a correctional facility or a peace officer commits an offense if he intentionally . . . engages in sexual contact, sexual intercourse, or deviate sexual intercourse with an individual in custody.@ Act of June 20, 1997, 75th Leg., R.S., ch. 1406, 1997 Tex. Gen. Laws 5265-66 (amended 2001) (current version at Tex. Pen. Code Ann. ' 39.04(a) (West 2003)). In 2001, the 77th Legislature revised the initial paragraph to read: AAn official of a correctional facility, an employee of a correctional facility, a person other than an employee who works for compensation at a correctional facility, a volunteer at a correctional facility, or a peace officer commits an offense if . . . .@ Tex. Pen. Code Ann. ' 39.04(a) (West 2003).

factually insufficient to demonstrate that he was a correctional facility employee as required by the statute. For the reasons that follow, we hold that the evidence is legally and factually sufficient and affirm the conviction.

## BACKGROUND

From February 1997 until August 1999, appellant was an employee of the Wackenhut Corporation who worked as a corrections officer at the Travis County Community Justice Center, a state jail facility. Although the county owned the facility, it was operated by Wackenhut. The evidence showed that on four occasions in 1998 through January 1999, appellant engaged in sexual intercourse at the facility with an inmate, resulting in this conviction.

## ANALYSIS

Because appellant was an employee of Wackenhut, a private corporation and the operator of the facility, he asserts that the state failed to prove that he committed the offense Awhile he was an employee of a correctional facility.@ Thus, he asserts, the evidence is insufficient to support a finding that he was an employee of the facility at the time of the offense.

The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury=s verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Lane v. State*, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). All the evidence that the fact finder was permitted to consider properly or improperly must be taken into account in determining the legal sufficiency of the evidence. *Garcia v. State*,

919 S.W.2d 370, 378 (Tex. Crim. App. 1994); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). On appeal, we do not reevaluate the credibility of the witnesses or realign, disregard, or weigh the evidence. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

To determine factual sufficiency, we view the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson*, 23 S.W.3d at 7. We must review the evidence weighed by the jury tending to prove the existence of the elemental fact in dispute, and compare it to the evidence tending to disprove that fact. *Id*. The appellate court may find either that the State=s proof of guilt was so obviously weak as to undermine confidence in the jury=s determination, or that the finding of guilt was against the great weight and preponderance of the evidence. *Id*. at 11. When the defendant proffers contrary evidence, we consider whether the proof of guilt, although adequate if taken alone, is greatly outweighed by the defendant=s evidence. *Id*. We may disagree with the jury=s decision, even if probative evidence exists that supports the verdict. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). However, a factual sufficiency review must be appropriately deferential to avoid substituting our judgment for that of the fact finder. *Id*. at 648. We are not free to reweigh the evidence, but must exercise our jurisdiction only to prevent a manifestly unjust result. *Id*.

Appellant asserts that the evidence was legally and factually insufficient for the fact finder to find that he was an employee of the Travis County Community Justice Center. He argues that he was an employee of Wackenhut, a private corporation, that operated the correctional facility, and was therefore not an employee of the facility itself. He contends that A[n]o evidence clearly establishes that Appellant=s employment with Wackenhut made him an employee of Travis County Community Justice Center.@

**3**

At the time in question, the offense of improper sexual activity with a person in custody was deemed to have occurred when an official or employee of a correctional facility, or a peace officer, engaged in sexual intercourse with a person in custody. Act of June 20, 1997, 75th Leg., R.S., ch. 1406, 1997 Tex. Gen. Laws 5265-66 (amended 2001). The evidence at trial demonstrated that the facility was a correctional facility,[2] that it was owned by the county, that guards were employed by Wackenhut that had a contract to operate the jail, and that appellant was employed as a corrections officer at the facility. Appellant testified that he was a corrections officer for Wackenhut and worked at the Travis County Community Justice Center as a corrections officer. He was later promoted to sergeant.

The penal code does not define the term Aemployee.@ Appellant would have us conclude that because he received a paycheck from Wackenhut, he is not an employee of the correctional facility. We decline to accept this interpretation of the statute. The statute simply does not call upon us to construe the word *employee* in such a narrow and technical manner.

---

[2] A Acorrectional facility@ is defined in the penal code as a place designated by law for the confinement of a person arrested for, charged with, or convicted of a criminal offense. Tex. Pen. Code Ann. ' 1.07(a)(14) (West 2003). The term includes a municipal or county jail; a confinement facility operated by the Texas Department of Criminal Justice; a confinement facility operated under contract with any division of the Texas Department of Criminal Justice; and a community corrections facility operated by a community supervision and corrections department. *Id.*

In defining the term in the context of a conviction for the unlawful solicitation of drinks by an employee of a licensed premises, the court of criminal appeals rejected a technical reading of the term and construed it according to its common usage:

> The term Aemployee@ has neither technically nor in general use a restricted meaning by which any particular employment or service is indicated. Generally speaking, an employee is simply a person who works for another in return for financial or other compensation. The test to determine whether one person is another=s employee is whether or not he is subject to the control of the other person.

*Ackley v. State*, 592 S.W.2d 606, 608 (Tex. Crim. App. 1980) (citations omitted). Our sister court in Houston addressed a similar issue in *Edwards v. State*, 97 S.W.3d 279 (Tex. App.CHouston [14th Dist.] 2003, no pet.). In *Edwards*, a private transport agency employed the defendant as a bus driver. The defendant was accused of engaging in sexual behavior with individuals he transported to prison. Because he was employed by the private transport agency, the defendant argued that he could not also be an employee of a correctional facility. *Id*. at 288. Relying on *Ackley,* the court held that the test of whether the defendant was an employee of the correctional facility was whether he was subject to the county jail=s control. *Id.* at 289 (citing *Ackley*, 592 S.W.2d at 608). Construing the term to include Aagents,@ the court concluded that a rational jury could reasonably have found Edwards to be an Aemployee, namely a transportation agent.@ *Id.*

In interpreting a statute, courts look to the literal text of the statute for its meaning unless application of the statute=s plain language would lead to absurd consequences that the legislature could not possibly have intended, or the plain language is ambiguous. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *see also State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).

5

That appellant received his paycheck from Wackenhut rather than the state or county does not mean that he was not an employee of the correctional facility. The language of the statute does not distinguish between private and public employment. That the term employee is to be read in its non-technical and common-sense meaning is clear from the context of the statute. Giving effect to the plain meaning of the statute, we find the evidence legally sufficient to support the verdict.

With regard to his factual sufficiency challenge, we have reviewed the entire record and have further set forth appellant=s evidence that he asserts supports his claim. *See Sims v. State*, No. 1328-01, 2003 Tex. Crim. App. LEXIS 59 (Mar. 12, 2003). He offered no evidence that he was not an employee of a correctional facility. He relies entirely on his contention that, because he was not an employee of the state but was an employee of Wackenhut, no evidence supports the trial court=s judgment. Because some evidence shows that appellant was a correctional facility employee when he committed the offense and no evidence contradicts it, the trial court=s judgment is not against the great weight and preponderance of the evidence. We find the evidence factually sufficient to support the verdict. We overrule appellant=s issues and affirm the conviction.

## CONCLUSION

We overrule appellant=s issues and affirm the conviction.

_____

Jan P. Patterson, Justice

6

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   April 17, 2003

Do Not Publish