TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00251-CR






Norwood Lee Hilstock, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NO. 003503, HONORABLE THOMAS BLACKWELL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Following a bench trial, appellant Norwood Lee Hilstock was convicted of the offense
of improper sexual activity with a person in custody. (1) The district court sentenced him to twelve
months in prison. Because appellant was an employee of the Wackenhut Corporation who worked
as a corrections officer at the Travis County Community Justice Center, he urges on appeal that the
evidence is legally and factually insufficient to demonstrate that he was a correctional facility
employee as required by the statute. For the reasons that follow, we hold that the evidence is legally
and factually sufficient and affirm the conviction.


BACKGROUND

 From February 1997 until August 1999, appellant was an employee of the Wackenhut
Corporation who worked as a corrections officer at the Travis County Community Justice Center,
a state jail facility. Although the county owned the facility, it was operated by Wackenhut. The
evidence showed that on four occasions in 1998 through January 1999, appellant engaged in sexual
intercourse at the facility with an inmate, resulting in this conviction.


ANALYSIS

 Because appellant was an employee of Wackenhut, a private corporation and the
operator of the facility, he asserts that the state failed to prove that he committed the offense "while
he was an employee of a correctional facility." Thus, he asserts, the evidence is insufficient to
support a finding that he was an employee of the facility at the time of the offense.

 The standard for reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Lane
v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). All the evidence that the fact finder was
permitted to consider properly or improperly must be taken into account in determining the legal
sufficiency of the evidence. Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). On appeal, we do not reevaluate the
credibility of the witnesses or realign, disregard, or weigh the evidence. Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992).

 To determine factual sufficiency, we view the evidence in a neutral light and set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Johnson, 23 S.W.3d at 7. We must review the evidence weighed by the jury tending to
prove the existence of the elemental fact in dispute, and compare it to the evidence tending to
disprove that fact. Id. The appellate court may find either that the State's proof of guilt was so
obviously weak as to undermine confidence in the jury's determination, or that the finding of guilt
was against the great weight and preponderance of the evidence. Id. at 11. When the defendant
proffers contrary evidence, we consider whether the proof of guilt, although adequate if taken alone,
is greatly outweighed by the defendant's evidence. Id. We may disagree with the jury's decision,
even if probative evidence exists that supports the verdict. Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996). However, a factual sufficiency review must be appropriately deferential
to avoid substituting our judgment for that of the fact finder. Id. at 648. We are not free to reweigh
the evidence, but must exercise our jurisdiction only to prevent a manifestly unjust result. Id.

 Appellant asserts that the evidence was legally and factually insufficient for the fact
finder to find that he was an employee of the Travis County Community Justice Center. He argues
that he was an employee of Wackenhut, a private corporation, that operated the correctional facility,
and was therefore not an employee of the facility itself. He contends that "[n]o evidence clearly
establishes that Appellant's employment with Wackenhut made him an employee of Travis County
Community Justice Center."

 At the time in question, the offense of improper sexual activity with a person in
custody was deemed to have occurred when an official or employee of a correctional facility, or a
peace officer, engaged in sexual intercourse with a person in custody. Act of June 20, 1997, 75th
Leg., R.S., ch. 1406, 1997 Tex. Gen. Laws 5265-66 (amended 2001). The evidence at trial
demonstrated that the facility was a correctional facility, (2) that it was owned by the county, that
guards were employed by Wackenhut that had a contract to operate the jail, and that appellant was
employed as a corrections officer at the facility. Appellant testified that he was a corrections officer
for Wackenhut and worked at the Travis County Community Justice Center as a corrections officer. 
He was later promoted to sergeant.

 The penal code does not define the term "employee." Appellant would have us
conclude that because he received a paycheck from Wackenhut, he is not an employee of the
correctional facility. We decline to accept this interpretation of the statute. The statute simply does
not call upon us to construe the word employee in such a narrow and technical manner.

 In defining the term in the context of a conviction for the unlawful solicitation of
drinks by an employee of a licensed premises, the court of criminal appeals rejected a technical
reading of the term and construed it according to its common usage:


The term "employee" has neither technically nor in general use a restricted meaning
by which any particular employment or service is indicated. Generally speaking, an
employee is simply a person who works for another in return for financial or other
compensation. The test to determine whether one person is another's employee is
whether or not he is subject to the control of the other person.



Ackley v. State, 592 S.W.2d 606, 608 (Tex. Crim. App. 1980) (citations omitted). Our sister court
in Houston addressed a similar issue in Edwards v. State, 97 S.W.3d 279 (Tex. App.--Houston [14th
Dist.] 2003, no pet.). In Edwards, a private transport agency employed the defendant as a bus driver. 
The defendant was accused of engaging in sexual behavior with individuals he transported to prison. 
Because he was employed by the private transport agency, the defendant argued that he could not
also be an employee of a correctional facility. Id. at 288. Relying on Ackley, the court held that the
test of whether the defendant was an employee of the correctional facility was whether he was
subject to the county jail's control. Id. at 289 (citing Ackley, 592 S.W.2d at 608). Construing the
term to include "agents," the court concluded that a rational jury could reasonably have found
Edwards to be an "employee, namely a transportation agent." Id.

 In interpreting a statute, courts look to the literal text of the statute for its meaning
unless application of the statute's plain language would lead to absurd consequences that the
legislature could not possibly have intended, or the plain language is ambiguous. Boykin v. State,
818 S.W.2d 782, 785 (Tex. Crim. App. 1991); see also State v. Webb, 12 S.W.3d 808, 811 (Tex.
Crim. App. 2000).

 That appellant received his paycheck from Wackenhut rather than the state or county
does not mean that he was not an employee of the correctional facility. The language of the statute
does not distinguish between private and public employment. That the term employee is to be read
in its non-technical and common-sense meaning is clear from the context of the statute. Giving
effect to the plain meaning of the statute, we find the evidence legally sufficient to support the
verdict.

 With regard to his factual sufficiency challenge, we have reviewed the entire record
and have further set forth appellant's evidence that he asserts supports his claim. See Sims v. State, 
No. 1328-01, 2003 Tex. Crim. App. LEXIS 59 (Mar. 12, 2003). He offered no evidence that he was
not an employee of a correctional facility. He relies entirely on his contention that, because he was
not an employee of the state but was an employee of Wackenhut, no evidence supports the trial
court's judgment. Because some evidence shows that appellant was a correctional facility employee
when he committed the offense and no evidence contradicts it, the trial court's judgment is not
against the great weight and preponderance of the evidence. We find the evidence factually
sufficient to support the verdict. We overrule appellant's issues and affirm the conviction.


CONCLUSION

 We overrule appellant's issues and affirm the conviction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: April 17, 2003

Do Not Publish
1. During the relevant time period of the offense, section 39.04(a) of the penal code provided
that "an official or employee of a correctional facility or a peace officer commits an offense if he
intentionally . . . engages in sexual contact, sexual intercourse, or deviate sexual intercourse with an
individual in custody." Act of June 20, 1997, 75th Leg., R.S., ch. 1406, 1997 Tex. Gen. Laws 5265-66 (amended 2001) (current version at Tex. Pen. Code Ann. § 39.04(a) (West 2003)). In 2001, the
77th Legislature revised the initial paragraph to read: "An official of a correctional facility, an
employee of a correctional facility, a person other than an employee who works for compensation
at a correctional facility, a volunteer at a correctional facility, or a peace officer commits an offense
if . . . ." Tex. Pen. Code Ann. § 39.04(a) (West 2003).
2. A "correctional facility" is defined in the penal code as a place designated by law for the
confinement of a person arrested for, charged with, or convicted of a criminal offense. Tex. Pen.
Code Ann. § 1.07(a)(14) (West 2003). The term includes a municipal or county jail; a confinement
facility operated by the Texas Department of Criminal Justice; a confinement facility operated under
contract with any division of the Texas Department of Criminal Justice; and a community corrections
facility operated by a community supervision and corrections department. Id.