

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 24, 2004

Mr. Thomas A. Davis Jr., Director
Texas Department of Public Safety
5805 North Lamar Boulevard
Post Office Box 4087
Austin, Texas 78773-0001

Opinion No. GA-0275

Re: Whether section 1702.323(e) of the Occupations Code makes a paralegal or other person working under an attorney's direct supervision subject to regulation by the Texas Private Security Board (RQ-0232-GA)

Dear Mr. Davis:

You ask whether section 1702.323(e) of the Occupations Code makes a paralegal or other person working under an attorney's direct supervision subject to regulation by the Texas Private Security Board.[1]

## I.    Legal Framework

Chapter 1702 of the Occupations Code, the Private Security Act ("chapter 1702" or "Act"), authorizes the Private Security Board ("Board") to license and regulate investigations companies and other security-related businesses and to register and regulate their employees. See TEX. OCC. CODE ANN. §§ 1702.001 (short title); 1702.004 (regulatory scope); 1702.101-.102, 1702.105-.109 (licensing); 1702.221 (registration) (Vernon 2004). Recent legislation transferred these duties to the Board, which is a part of the Texas Department of Public Safety ("DPS"), from the Texas Commission on Private Security, see id. § 1702.005(a), effective February 1, 2004.[2]   DPS administers chapter 1702 through the Board. See id.; see also id. § 1702.005(b) ("A reference in this chapter or another law to the Texas Commission on Private Security means the board.").

Your question involves investigations company licenses. Chapter 1702 provides that "a person may not . . . act as an investigations company" unless the person "holds a license as an investigations company." Id. § 1702.101. In chapter 1702, the term "person" includes an "individual" or a "firm, association, company, partnership, corporation, nonprofit organization,

---

[1]See Letter from Thomas A. Davis Jr., Director, Texas Department of Public Safety, to Honorable Greg Abbott, Texas Attorney General (May 24, 2004) (on file with Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]See Act of Oct. 12, 2003, 78th Leg., 3d C.S., ch. 10, § 2.08, 2003 Tex. Gen. Laws 130, 134.

institution, or similar entity." *Id.* § 1702.002(16). The term "investigations company" means "a person who performs the activities described by Section 1702.104." *Id.* § 1702.002(10).

Section 1702.104 provides that a person acts as an investigations company for purposes of chapter 1702 if the person:

> (1) engages in the business of obtaining or furnishing, or accepts employment to obtain or furnish, information related to:
>
> > (A) crime or wrongs done or threatened against a state or the United States;
> >
> > (B) the identity, habits, business, occupation, knowledge, efficiency, loyalty, movement, location, affiliations, associations, transactions, acts, reputation, or character of a person;
> >
> > (C) the location, disposition, or recovery of lost or stolen property; or
> >
> > (D) the cause or responsibility for a fire, libel, loss, accident, damage, or injury to a person or to property;
>
> (2) engages in the business of securing, or accepts employment to secure, evidence for use before a court, board, officer, or investigating committee;
>
> (3) engages in the business of securing, or accepts employment to secure, the electronic tracking of the location of an individual or motor vehicle other than for criminal justice purposes by or on behalf of a governmental entity; or
>
> (4) engages in the business of protecting, or accepts employment to protect, an individual from bodily harm through the use of a personal protection officer.

*Id.* § 1702.104.

Subchapter N of chapter 1702 provides numerous exceptions to the chapter's scope. For example, section 1702.321 generally excepts government employees. *See id.* § 1702.321(a) ("Except as provided by this section, this chapter does not apply to an officer or employee of the United States, this state, or a political subdivision of this state while the employee or officer is performing official duties."). Significantly, section 1702.324 provides that the chapter does not apply to certain occupations, including "an attorney while engaged in the practice of law." *Id.* § 1702.324(b)(9). A letter opinion from this office addressed the scope of the attorney exception in 1998, prior to the Act's 1999 codification in the Occupations Code:

> The exception for "an attorney-at-law in performing his duties" appears to have been designed to allow attorneys to perform the type of investigative work normally required in the course of rendering legal services, such as the discovery of evidence, witnesses, and facts, without having to be licensed as investigators under the act.

Tex. Att'y Gen. LO-98-005, at 2.[3] As a predecessor to the Board explained the exception's basis to the Sunset Commission, "[a]n attorney is licensed by another state agency and part of his authority would be to investigate matters for a client as an attorney and not as a private investigator." TEXAS BOARD OF PRIVATE INVESTIGATORS AND PRIVATE SECURITY AGENCIES, REPORT TO THE SUNSET ADVISORY COMMISSION (1979) at 75.

## II.     Analysis

Although attorneys engaged in the practice of law are expressly excepted from chapter 1702, you are concerned that a paralegal or other person working under an attorney's direct supervision may be required to obtain an investigations company license. As you note, a person working under an attorney's direct supervision may be required to perform activities described in section 1702.104, such as obtaining information about a person or securing evidence to use before a court. *See* TEX. OCC. CODE ANN. § 1702.104 (Vernon 2004). We assume your concern is limited to a person who is employed in an employee-employer relationship by an attorney or law firm and who assists an attorney in the practice of law. We address chapter 1702's application to such employees; we do not address its application to persons (i) working for attorneys or law firms as independent contractors, or (ii) working for persons who are licensed as attorneys but who are not engaged in the practice of law. *See* Tex. Att'y Gen. LO-98-005, at 2 (concluding that "a person who is a licensed attorney operating as an investigations company is not exempt from the act merely because the person is an attorney").

Chapter 1702 does not expressly provide that exempt attorneys' employees must be licensed or registered with the Board. And we gather that from 1969, when the legislature first adopted the

---

[3]As the letter opinion observes, *see* Tex. Att'y Gen. LO-98-005, at 2-3 n.1, the Act does not define the phrase "practice of law," but chapter 81 of the Government Code, in proscribing the unauthorized practice of law, defines it to mean

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

TEX. GOV'T CODE ANN. § 81.101(a) (Vernon Supp. 2004); *see also id.* §§ 81.101(b) ("The definition in this section is not exclusive and does not deprive the judicial branch of the power and authority under both this chapter and the adjudicated cases to determine whether other services and acts not enumerated may constitute the practice of law."), 311.011(b) (Vernon 1998) (words that have acquired a technical meaning shall be construed accordingly) (Code Construction Act).

statutory predecessor to chapter 1702, until 2003, when the legislature last amended chapter 1702, the Texas Commission on Private Security and its predecessors had not interpreted the Act to apply to employees working under exempt attorneys' direct supervision.[4] This is a reasonable interpretation of chapter 1702's regulatory scope given that state law recognizes that attorneys rely on paralegals and other employees to assist them in practicing law,[5] and attorneys themselves, to the extent they are engaged in the practice of law, are expressly excepted under section 1702.324. *See* TEX. OCC. CODE ANN. § 1702.324(b)(9) (Vernon 2004); *Tex. Water Comm'n v. Brushy Creek Mun. Util. Dist.*, 917 S.W.2d 19, 21 (Tex. 1996) ("[T]he construction of a statute by an agency charged with its execution is entitled to serious consideration unless the agency's construction is clearly inconsistent with the Legislature's intent.").

Moreover, as the State Bar notes,[6] chapter 1702 distinguishes between the business of investigating, which chapter 1702 regulates, and the practice of law, which it does not. *See* TEX. OCC. CODE ANN. §§ 1702.104, .324(b)(9) (Vernon 2004). Section 1702.104 provides that a person acts as an investigations company if the person "engages in the business of obtaining" or "accepts employment to obtain" certain kinds of information. *See id.* § 1702.104(1)-(2). An employee who works for an attorney who is exempt from regulation under section 1702.324(b)(9) is not engaged in the business or employment of investigating but rather is employed by the attorney in connection with the attorney's legal practice.

## A.     Section 1702.323(e)'s Scope

Although the Texas Commission on Private Security and its predecessors had not interpreted the Act to apply to employees working under exempt attorneys' direct supervision, you are concerned that a recent amendment to chapter 1702 may bring them within the chapter's scope. *See* Request Letter, *supra* note 1, at 1-2. This concern arises from a 2003 amendment to the subchapter N, section 1702.323 exception, entitled "Security Department of Private Business." *See* TEX. OCC. CODE ANN. § 1702.323 (Vernon 2004); *see also* Act of May 28, 2003, 78th Leg., R.S., ch. 593, § 3, 2003 Tex. Gen. Laws 1965, 1966 (House Bill 1769, adding subsection (e)).

---

[4]*See* Request Letter, *supra* note 1, at 1 (suggesting that query arises as a result of a 2003 amendment to the Act); Letter from Thomas A. Davis Jr., Director, Texas Department of Public Safety, to Honorable Joe Driver, Texas House of Representatives (June 9, 2004) (on file with Opinion Committee) (stating that DPS has not applied the Act to paralegals and will not do so unless the Attorney General concludes that the 2003 amendment brings paralegals within the Act's scope).

[5]*See, e.g.*, TEX. R. EVID. 503(a)(4)(A) ("A 'representative of the lawyer' is . . . one employed by the lawyer to assist the lawyer in the rendition of professional legal services . . . ."), (b) (extending lawyer-client privilege to a communication with a representative of the lawyer); TEX. DISCIPLINARY R. PROF'L CONDUCT 5.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9) (lawyer's responsibilities regarding nonlawyer assistants), cmt. 1 ("Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, and paraprofessionals. Such assistants act for the lawyer in rendition of the lawyer's professional services.").

[6]*See* Letter from Antonio Alvarado, Executive Director, State Bar of Texas, to Thomas A. Davis Jr., Director, Texas Department of Public Safety, at 3-5 (Apr. 29, 2004) (attached to Request Letter, *supra* note 1).

You ask whether "section 1702.323(e) applies to paralegals and others performing work under the direct supervision of attorneys." Request Letter, *supra* note 1, at 1-2. Section 1702.323(e) must be read in its statutory context, not in isolation. *See* Tex. Att'y Gen. Op. No. GA-0008 (2003) at 7 (to construe Occupations Code section 1702.323(d), "legislative intent should be ascertained from the entire act, and not an isolated portion thereof") (citing *Merchants Fast Motor Lines, Inc. v. R.R. Comm'n of Tex.*, 573 S.W.2d 502, 505 (Tex. 1978)). Section 1702.323 provides:

> (a) Except as provided by Subsections (b), (d), and (e), this chapter does not apply to an individual employed in an employee-employer relationship exclusively and regularly by one employer in connection with the affairs of the employer.
>
> (b) An individual described by Subsection (a) who carries a firearm in the course of employment must obtain a private security officer commission under this chapter.
>
> (c) Although the security department of a private business that hires or employs an individual as a private security officer to possess a firearm in the course and scope of the individual's duties is required to apply for a security officer commission for the individual under this chapter, the security department of a private business is not required to apply to the commission for any license under this chapter.
>
> (d) This chapter applies to an individual described by Subsection (a) who in the course of employment:
>
> (1) comes into contact with the public;
>
> (2) wears a uniform with any type of badge commonly associated with security personnel or law enforcement or a patch or apparel with "security" on the patch or apparel; or
>
> (3) performs a duty described by Section 1702.222.
>
> (e) This chapter applies to any person who conducts an investigation if the investigation involves a person, or the affairs of a person, who is not employed by the same employer as the person conducting the investigation and the investigation is not conducted on the premises of the employer. Premises of the employer include walkways, parking areas, and other areas relating to the affairs of the employer.

TEX. OCC. CODE ANN. § 1702.323 (Vernon 2004).

As its title reflects,[7] section 1702.323 is concerned with an employee who conducts investigations for a private business for the business' own internal use, as opposed to the use of the business' clients or other third parties. Section 1702.323(a) provides that with certain exceptions chapter 1702 "does not apply to an individual employed in an employee-employer relationship exclusively and regularly by one employer *in connection with the affairs of the employer.*" *Id.* § 1702.323(a) (emphasis added). The employees you are concerned about who assist attorneys in their practice of law do not fall within section 1702.323(a) because, to the extent these employees investigate, they do so not "in connection with the affairs of the employer," the employing attorney or law firm, but in connection with legal clients' affairs.

Section 1702.323, subsections (b) through (e) modify section 1702.323(a). *See id.* § 1702.323(b)-(e). You are concerned about section 1702.323(e), which was added in 2003 by House Bill 1769. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 593, § 3, 2003 Tex. Gen. Laws 1965, 1966. Section 1702.323(e) limits the scope of section 1702.323(a), which does not apply to investigations that attorneys or their employees conduct in connection with legal clients' affairs. When viewed in the context of section 1702.323 as a whole, it is clear that the legislature intended section 1702.323(e) merely to narrow the 1702.323(a) exception for a private business' security department's employees, applying chapter 1702 to an individual otherwise excepted under section 1702.323(a) who leaves the employer's premises to investigate a person who is not employed by the business. The legislative history is consistent with the plain language. A bill analysis indicates that the legislature intended amendments to section 1702.323 to affect only individuals employed by private businesses' security departments. *See* HOUSE COMM. ON GOVERNMENT REFORM, BILL ANALYSIS, Tex. H.B. 1769, 78th Leg., R.S. (2003) ("Changes the description of individuals to whom the provisions regarding the security department of a private business applies.").

In sum, section 1702.323(e) merely limits the section 1702.323(a) exception. It does not expand chapter 1702's scope to regulate individuals who are not the subject of section 1702.323(a). Section 1702.323(e) does not require a paralegal or other employee working under an exempt attorney's direct supervision to obtain an investigations company license or otherwise make such a person subject to regulation under chapter 1702, because section 1702.323(a) does not apply to investigations that attorneys or their employees conduct in connection with legal clients' affairs.

## B.    Section 1702.324(b)(9)'s Legislative History

You also ask about the attorney exception's legislative history. *See* Request Letter, *supra* note 1, at 2. As you note, in 1969 when the legislature adopted article 4413(29bb), the statutory predecessor to chapter 1702, section 14 provided in pertinent part, "This Act does not apply to . . . an attorney-at-law *or his agent* in performing his duties." Act of May 23, 1969, 61st Leg., R.S., ch. 610, § 14(a)(4), 1969 Tex. Gen. Laws 1807, 1810 (emphasis added). In 1971, the legislature amended this provision to except "an attorney-at-law performing his duties," omitting the phrase "or

---

[7]"Although the Code Construction Act cautions that '[t]he heading of a . . . subchapter . . . does not limit or expand the meaning of a statute,' the heading gives some indication of the Legislature's intent . . . ." *Univ. of Tex. Southwestern Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 361 (Tex. 2004) (citing section 311.024 of the Government Code) (footnote omitted).

his agent." Act of May 28, 1971, 62d Leg., R.S., ch. 929, § 8, sec. 14(a)(4), 1971 Tex. Gen. Laws 2835, 2838.

The 1971 bill analyses do not explain the reasons for this change or discuss its implications.[8] However, on its face, the 1971 amendment does not indicate that the legislature intended to extend the licensing requirement to attorneys' employees. The term "agent" is a legal term of art that refers to a person "who is authorized by another to transact business or manage some affair for him." *Ackley v. State*, 592 S.W.2d 606, 608 (Tex. Crim. App. 1980); *Tenn.-La. Oil Co. v. Cain*, 400 S.W.2d 318, 325 (Tex. 1966) ("'(A)n agent is one who undertakes to transact some business, or to manage some affair for another[.]'") (citing *Boyd v. Eikenberry*, 122 S.W.2d 1045, 1047 (Tex. 1939)).[9] An "employee," on the other hand, is a person in the service of another under any contract of hire where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. *See, e.g., Kachmar v. Stewart Title Co.*, 477 S.W.2d 306, 309 (Tex. Civ. App.–Houston [14th Dist.] 1972, no writ) (defining an employee as "every person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed"); BLACK'S LAW DICTIONARY 543 (7th ed. 1999) (defining an employee as a person who "works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance").[10] Not all employees are agents. *See Ackley*, 592 S.W.2d at 608 ("The chief distinction between an agent and a servant is that an agent is employed to represent his principal in business dealings and to establish contractual relations between him and third persons, whereas the servant is not. Moreover, the servant is not allowed the use of personal discretion as to the means of accomplishing the ends for which he is employed."). Thus, the pre-1971 exception for attorneys' agents did not address attorneys' employees generally, and in omitting attorneys' agents from the exception, the legislature did not make attorneys' employees subject to regulation.[11]

---

[8]*See* BILL ANALYSIS, Tex. S.B. 768, 62d Leg., R.S. (1971); BILL ANALYSIS, Tex. Comm. Substitute S.B. 768, 62d Leg., R.S. (1971) (committees not indicated) (on file with Opinion Committee, reproduced from the holdings of the Texas State Archives).

[9]*See also* TEX. GOV'T CODE ANN. § 312.002(b) (Vernon 1998) (terms of art in civil statutes "shall have the meaning given by experts in the particular trade, subject matter, or art"); BLACKS LAW DICTIONARY 64 (7th ed. 1999) (defining an agent as "[o]ne who is authorized to act for or in the place of another; a representative").

[10]*See also Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) ("The test to determine whether a worker is an employee rather than an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the work. The employer controls not merely the end sought to be accomplished, but also the means and details of its accomplishment.") (citations omitted).

[11]You suggest that section 1702.324(b)(1) and (6) expressly except the employees of other exempted professions. *See* Request Letter, *supra* note 1, at 2. They do not. Section 1702.324(b)(1) excepts "a manufacturer or a manufacturer's authorized distributor." TEX. OCC. CODE ANN. § 1702.324(b)(1) (Vernon 2004). It does not expressly except a manufacturer's or distributor's employees. *See id.* Section 1702.324(b)(6) excepts "a licensed engineer practicing engineering or directly supervising engineering practice under Chapter 1001, including forensic analysis, burglar alarm system engineering, and necessary data collection." *Id.* § 1702.324(b)(6). It does not expressly except a licensed engineer's employees. *See id.*

As a final note, whatever the legislature's intent was in 1971, we understand that thereafter the Act was not construed by the entities charged with enforcing it to apply to exempt attorneys' employees. *See supra* note 4. Given the passage of time and the legislature's failure to act to subject attorneys' employees to regulation, we question the 1971 amendment's legal relevance to this issue in 2004. *See Humble Oil & Ref. Co. v. Calvert*, 414 S.W.2d 172, 180 (Tex. 1967) (when a particular administrative construction of a statute is of long standing, it should not be changed in the absence of clear statutory authorization).

## C.     Chapter 1702's Application to Individuals

Lastly, in response to an argument made by the State Bar of Texas, you ask us to address whether chapter 1702 provides for the licensing of individuals as investigations companies. *See* Request Letter, *supra* note 1, at 2. Section 1702.101 states that "a person may not . . . act as an investigations company" unless the person "holds a license as an investigations company." TEX. OCC. CODE ANN. § 1702.101 (Vernon 2004); *see also id.* § 1702.104 (outlining conduct that constitutes acting as an investigations company). In chapter 1702, the term "person" is defined to include an "individual" as well as a "firm, association, company, partnership, corporation, nonprofit organization, institution, or similar entity." *Id.* § 1702.002(16). Chapter 1702 provides for the licensing of both entities and individuals. *See, e.g., id.* § 1702.110 (providing license application requirements for both entities and individuals). Accordingly, we agree with your assessment that chapter 1702 provides for an individual to obtain a license to act as an investigations company.[12] As we have already concluded, however, an employee who works for an attorney who is exempt under section 1702.324(b)(9) does not act as an investigations company, but rather is employed by the attorney in connection with the attorney's legal practice, conduct which is not regulated by chapter 1702.

---

[12]We note that it is not clear whether chapter 1702 requires every individual who engages in section 1702.104 activities to obtain an investigations company license. In addition to defining an "investigations company" to include an individual, *see id.* §§ 1702.002(10), (16), .104, chapter 1702 also defines the term "private investigator" as "an individual who performs one or more services described by Section 1702.104," *see id.* § 1702.002(18), and certain provisions in chapter 1702 provide for the registration rather than the licensing of a private investigator, *see id.* §§ 1702.062 (establishing a $20 registration fee for a private investigator), 1702.221 (providing that an individual must *register* with the Board if the individual: "(1) *is employed as* an alarm systems installer, alarm systems monitor, electronic access control device installer, locksmith, dog trainer, manager or branch office manager, noncommissioned security officer, *private investigator*, private security consultant, or security salesperson; or (2) is an owner, officer, partner, or shareholder of a license holder") (emphasis added), 1702.301(a), (d) (providing that whereas a license "is valid for one year from the date of issuance," registration as a private investigator "expires on the second anniversary of the date of registration"); *see also id.* § 1702.021(a)(2) (providing that the Board shall have "one member who is licensed under this chapter as a private investigator"). Thus, individuals who are employed as private investigators who work for a license holder may only be required to register with the Board. We need not resolve this ambiguity, however, in order to answer your question about whether exempt attorneys' employees are subject to regulation under chapter 1702.

## S U M M A R Y

Chapter 1702 of the Occupations Code, the Private Security Act, exempts from regulation by the Texas Private Security Board "an attorney while engaged in the practice of law." TEX. OCC. CODE ANN. § 1702.324(b)(9) (Vernon 2004). An employee who works for an exempt attorney is not engaged in the business or employment of investigating, conduct which is regulated by chapter 1702, but rather is employed by the attorney in connection with the attorney's legal practice, conduct which is not regulated by chapter 1702. Section 1702.323(e) of the Occupations Code does not require a paralegal or other employee working under an exempt attorney's direct supervision to obtain an investigations company license or otherwise make such a person subject to Board regulation under chapter 1702.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee